Judge STUCKY delivered the opinion of the Court.
Appellant’s approved sentence was less than the statutory minimum required to trigger direct review by the United States Air Force Court of Criminal Appeals (CCA). Nevertheless, the CCA concluded that it had jurisdiction to consider Appellant’s petition for a writ of error coram nobis. The CCA denied Appellant any relief, however, and he filed a writ-appeal at this Court. We specified an issue: whether the CCA had jurisdiction to entertain the writ petition. We hold that the CCA was without jurisdiction to consider Appellant’s case, and we dismiss the writ-appeal.
I. Background
A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of fourteen specifications of going from or absenting himself from his place of duty; ten specifications of false official statements; and two specifications of conduct unbecoming *442 an officer by submitting a memorandum he knew to be fabricated to both the Air Force Board for Correction of Military Records and the Secretary of the Air Force. Articles 86, 107 and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 907, 933 (2012). The convening authority approved the adjudged sentence: confinement for eleven months and a reprimand. After reviewing Appellant’s case under Article 69(a), UCMJ, 10 U.S.C. § 869(a) (2012), the Judge Advocate General determined that the findings and sentence were supported in law, and elected not to send the case to the CCA for review under Article 69(d). Thereafter, Appellant asked the Judge Advocate General to reconsider his decision, alleging that certain errors were committed in his court-martial. The Judge Advocate General denied reconsideration on the basis that Appellant’s conviction and sentence were final under Article 76, UCMJ, 10 U.S.C. § 876 (2012).
Appellant filed a petition for extraordinary relief in the nature of a' writ of error coram nobis at the CCA. The CCA determined that it had jurisdiction to consider the petition, and that the “requested writ [was] ‘necessary or appropriate,’ as there [were] no adequate alternative remedies available to the petitioner,” but held that the petitioner was not entitled to relief on the merits. United States v. Arness, No. 2013-30, 2014 CCA LEXIS 160, at *6, 2014 WL 1309826, at *2, *3 (A.F.Ct.Crim.App. Mar. 11, 2014) (unpublished).
Appellant filed a pro se writ-appeal at this Court. We specified the jurisdiction issue and ordered the Judge Advocate General of the Air Force to appoint counsel to represent Appellant. United States v. Arness, 73 M.J. 454 (C.A.A.F.2014) (order).
II. Discussion
The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute. See United States v. Politte, 63 M.J. 24, 25 (C.A.A.F.2006). Relevant to this appeal, this limited jurisdiction is spelled out in two statutes: Articles 66 and 69, UCMJ, 10 U.S.C. §§ 866, 869 (2012).
The first provision requires the CCA to review the record in each trial by court-martial “in which the sentence, as approved, extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more.”[1] Article 66(b)(1), UCMJ. General court-martial cases not meeting the minimum requirements of Article 66(b)(1) must be reviewed in the office of the Judge Advocate General, absent an accused’s waiving or withdrawing from appellate review. Article 69(a), UCMJ. “If any part of the findings or sentence is found to be unsupported in law or if reassessment of the sentence is appropriate, .the Judge Advocate General may modify or set aside the findings or sentence or both.” Article 69(a), UCMJ. Under limited circumstances, the Judge Advocate General may also modify or set aside the findings or sentence of cases not reviewed under Article 66 or Article 69. See Article 64, UCMJ, 10 U.S.C. § 864 (2012).
The second provision affecting a CCA’s jurisdiction provides that it may also review:
(1) any court-martial case which
(A) is subject to action by the Judge Advocate General under this section [§ 869], and
(B) is sent to the Court of Criminal Appeals by order Of the Judge Advocate General; and
(2) any action taken by the Judge Advocate General under this section in such case.
Article 69(d), UCMJ. Review in such cases is limited to matters of law, unlike the CCA’s normal review under Article 66(c). See Article 69(e), UCMJ.
Here the CCA recognized that Appellant’s sentence did not entitle him to direct review under Article 66. Arness, 2014 CCA LEXIS 160, at *6, 2014 WL 1309825, at *2. The CCA reasoned, however, that it had jurisdiction to consider Appellant’s writ petition because the Judge Advocate General could have sent the case to the CCA for review, and because “Article 69(d)(2), UCMJ, *443 authorizes [the CCA] to review ‘any action taken by the Judge Advocate General under this section’ in a court-martial.” Id, 2014 WL 1309825, at *2. The CCA concluded that, because it “could have properly reviewed the original proceeding under Article 69, UCMJ ... [it] retains authority to issue extraordinary writs in cases reviewed under Article 69, UCMJ.” Id., 2014 WL 1309825, at *2.
In arriving at this conclusion, the CCA relied heavily upon a case in which the United States Army Court of Criminal Appeals came to a similar conclusion as to its jurisdiction. Dew v. United States, 48 M.J. 639, 646 (A.Ct.Crim.App.1998). In turn, Dew relied on two decisions in which we found jurisdiction under the All Writs Act, 18 U.S.C. § 1651(a) (2012), to entertain petitions for extraordinary relief whei’e the sentence was less than that required for review before the service courts. These were Unger v. Ziemniak, 27 M.J. 349, 351-55 (C.M.A.1989); and McPhail v. United States, 1 M.J. 457, 462-63 (C.M.A.1976).
In Unger, we relied on our earlier decision in McPhail, McPhail is distinguishable from the present case in that it involved a fundamental problem of jurisdiction not present here. Of greater importance is that the expansive concepts of remedial jurisdiction which underlay McPhail and, in particular, Unger were later seriously undermined by the Supreme Court’s decision in Clinton v. Goldsmith, 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999). We need not consider here what Goldsmith may say with regard to our own appellate jurisdiction; it is enough to state that we repudiate the expansive approach taken in McPhail, Unger, and Dew. To the extent they are inconsistent with our opinion in this case, McPhail and Unger are overruled.
The CCA having been limited to the jurisdiction granted it by Article 69(d), the analysis is straightforward. Here, the CCA misread Article 69 and, in doing so, its own jurisdiction. Consideration of extraordinary relief is not “in aid” of the CCA’s jurisdiction, because the CCA had none in the first place. The statute does not authorize the CCA to review every case which is subject tó action by the Judge Advocate General pursuant to Article 69. Instead, it grants the CCA authority to review any action taken by the Judge Advocate General “under this section in such case ” — a case that the Judge Advocate General elects to refer to the CCA Article 69(d)(2), UCMJ (emphasis added). As the Judge Advocate General did not refer Appellant’s ease to the CCA — a statutory prerequisite for its review — the CCA was without jurisdiction to review it. As this Court’s jurisdiction is predicated on the jurisdiction of the CCA we are without jurisdiction to hear the writ-appeal. See Article 67, UCMJ, 10 U.S.C. § 867 (2012).
III. Judgment
The judgment of the United States Ah’ Force Court of Criminal Appeals is vacated. Appellant’s writ-appeal is dismissed for lack of jurisdiction.

. Unless it is a capital case, an accused may waive appellate review. Article 66(b)(2), UCMJ.