# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **Staff Sergeant (E-5),** | ) | **Misc. Dkt. No. 2015-05** |
| **FRANKLIN G.U. CRUZ,** | ) | |
| **USAF** | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Lieutenant General (O-9)** | ) | |
| **CHRISTOPHER F. BURNE,** | ) | |
| **USAF,** | ) | **Special Panel** |
| | ) | |
| **and** | ) | |
| | ) | |
| **Brigadier General (O-7)** | ) | |
| **ANDREW J. TOTH,** | ) | |
| **USAF,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Colonel (O-6)** | ) | |
| **MICHAEL J. APOL,** | ) | |
| **USAF,** | ) | |
| | ) | |
| **Respondents** | ) | |

PER CURIAM:

Petitioner requested extraordinary relief on 21 May 2015 in the nature of a writ of error coram nobis or, in the alternative, a writ of mandamus. Petitioner asks this court to grant relief based on several alleged errors or issues regarding his first court-martial in 2012.

*Background*

Petitioner was convicted at a general court-martial in April 2012 of wrongful use of methamphetamine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced him to a bad-conduct discharge, 45 days of confinement, and reduction to E-1. After the Government lost the trial exhibits and was thus unable to compile a complete record of trial, the convening authority disapproved

the bad conduct discharge on 14 December 2012 and approved the remainder of the sentence as adjudged.

Review by the Office of The Judge Advocate General under Article 69, UCMJ, 10 U.S.C. § 869, on 31 January 2013 determined the findings and sentence were supported in law. The case was not referred to this court for review and therefore the findings and sentence were final. Petitioner now seeks a writ of error coram nobis or mandamus from this court, citing four alleged errors or other considerations arising from his conviction.[*]

*Law*

"Courts-martial . . . are subject to collateral review within the military justice system." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). This court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013).

A petition for extraordinary relief under the All Writs Act requires this court to make two determinations: "(1) whether the requested writ is 'in aid of' the court's existing jurisdiction; and (2) whether the requested writ is 'necessary or appropriate.'" *LRM*, 72 M.J. at 367–68 (quoting *Denedo*, 66 M.J. at 119). Concerning the first determination, "the express terms of the [All Writs] Act confine [our] power . . . to issuing process 'in aid of' [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536.

Our superior court has recently held that consideration of this type of extraordinary relief is not "in aid" of our jurisdiction because we have no jurisdiction in the first place. *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015). When the approved sentence in a general court-martial does not include a sentence to death, a punitive discharge, or confinement for a year or more, we have no jurisdiction to review the case unless the Judge Advocate General refers it to us pursuant to Article 69(d)(2),

---

[*] Petitioner contends he was denied due process of law when (1) the Government failed to prepare a complete record of trial at his general court-martial, (2) the staff judge advocate failed to use a complete record of trial when preparing his recommendation to the convening authority, (3) the convening authority took action without a legally sufficient recommendation from the staff judge advocate, and (4) the Office of the Judge Advocate General failed to examine a complete record of trial when reviewing the case under Article 69, UCMJ, 10 U.S.C. § 869.

UCMJ.  *Id.*  As no such referral has occurred here, we are without jurisdiction to review the writ.

*Conclusion*

Accordingly, it is by the court on this 10 day of December 2015,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DISMISSED** for lack of jurisdiction.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court