**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant VICTORINO REFRE JR.**
**United States Air Force**

**Misc. Dkt. No. 2016-01**

**31 March 2016**

Sentence adjudged 22 December 1978 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: Robert E. Tomes (sitting alone).

Approved Sentence: To pay to the United States a fine of $125.00 and to be reduced to the grade of E-4.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Petitioner requested extraordinary relief on 18 December 2015, seeking access to documents related to his 1977 court-martial, appointment of appellate defense counsel, and asking this court to set aside the findings and sentence. We treat this as a writ of error coram nobis. *See Nkosi v. Lowe,* 38 M.J. 552, 553 (A.F.C.M.R. 1993) ("The label placed on a petition for extraordinary relief is of little significance.").

Because Petitioner's court-martial occurred in 1977 and was final in 1978, the provisions in the *Manual for Courts-Martial, United States* (1969 Revised ed.), *available at* http://www.loc.gov/rr/frd/Military_Law/pdf/manual-1969.pdf), are applicable.

*Background*

Petitioner was convicted at a special court-martial in December 1977 of one specification of attempting to violate a general regulation, one specification of disobeying an order, and one specification of violating a lawful general regulation, in violation of Articles 80, 90, and 92, UCMJ, 10 U.S.C. §§ 880, 890, 892 (1976). The military judge sentenced Petitioner to pay a fine of $125.00 and to be reduced to E-4. On 23 January 1978, the convening authority approved the sentence as adjudged. The special court-martial was reviewed pursuant to Article 65(c), UCMJ, 10 U.S.C. § 865(c) (1976). Petitioner was not entitled to review by this court as his sentence did not meet the statutory thresholds under Article 66(b), UCMJ, 10 U.S.C. § 866(b) (1976). At that time, The Judge Advocate General was required to refer every case with an approved sentence that "affects a general or flag officer or extends to death, dismissal of a commissioned officer, cadet, or midshipman, dishonorable or bad-conduct discharge, or confinement for one year or more" to the service Court of Military Review. *Id.* All other special court-martial records were reviewed by an Air Force judge advocate as prescribed by regulation. Article 65(c), UCMJ.

Petitioner now seeks a writ of error coram nobis from this court, citing alleged errors or other considerations arising from his conviction.

*Law*

"Courts-martial . . . are subject to collateral review within the military justice system." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009). This court is among the courts authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013). A petition for extraordinary relief under the All Writs Act requires this court to make two determinations: "(1) whether the requested writ is 'in aid of' [this] court's existing jurisdiction; and (2) whether the requested writ is 'necessary or appropriate.'" *LRM*, 72 M.J. at 367–68 (quoting *Denedo*, 66 M.J. at 119). Concerning the first determination, the "express terms of the Act confine [our power] to issuing process in aid of [our] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999) (citations and internal quotation marks omitted). Therefore, the All Writs Act is not an independent grant of appellate jurisdiction, and it cannot enlarge a court's jurisdiction. *Id.* Likewise, the Act does not grant this court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536.

Our superior court recently examined whether a service court has jurisdiction over a writ petition when the underlying court-martial did not result in a sentence with mandatory jurisdiction under Article 66, UCMJ, 10 U.S.C. 866 (2012), nor in referral by

The Judge Advocate General under Article 69, UCMJ, 10 U.S.C. § 869 (2012). Our superior court declared, "As the Judge Advocate General did not refer Appellant's case to the CCA—a statutory prerequisite for its review—the CCA was without jurisdiction to review it." *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015). "Consideration of extraordinary relief is not 'in aid' of the CCA's jurisdiction, because the CCA had none in the first place." *Id.* at 443.

We find this same jurisdictional limit applies to Petitioner's case. Petitioner's sentence was below the jurisdictional limit of our predecessor, the Air Force Court of Military Review. Petitioner's case was not referred to our court for review by The Judge Advocate General. We do not have jurisdiction over this writ-petition.

Accordingly, it is by the Court on this 31st day of March, 2016,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DISMISSED for lack of jurisdiction**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court