**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

Technical Sergeant VINCENT L. WILLIAMS,
United States Air Force

**v.**

**UNITED STATES**

**Misc. Dkt. No. 2015-01**

**4 April 2016**

Sentence adjudged 23 January 2007 by GCM convened at Fort George G. Meade, Maryland.  Military Judge:  Gary M. Jackson.

Approved sentence:  Dishonorable discharge, confinement for 15 years, forfeiture of all pay and allowances, and reduction to E-1.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

The pro-se Petitioner filed a petition for a writ of habeas corpus.  We conclude we do not have jurisdiction and dismiss the petition.

*Background*

Consistent with his pleas, Petitioner was convicted of diverse occasions of carnal knowledge and committing indecent acts on a child who was at least twelve and under sixteen years of age, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The general court-martial composed of officer members sentenced Petitioner to a dishonorable discharge, 18 years and 4 months of confinement, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority reduced the period of confinement to 15 years, in accordance with the terms of a pretrial agreement, but otherwise approved the adjudged sentence.

On appeal, this court affirmed the approved findings and sentence. *United States v. Williams*, ACM 36996 (A.F. Ct. Crim. App. 15 July 2009) (unpub. op.). Review was denied by our superior court on 24 June 2010. *United States v. Williams*, 69 M.J. 190 (C.A.A.F. 2010) (mem.). With review complete under Article 71(c), UCMJ, 10 U.S.C. § 871(c), and the sentence affirmed, the convening authority promulgated General Court-Martial Order Number 96 and ordered Petitioner's dishonorable discharge to be executed on 19 July 2010. Petitioner's case is final under Article 76, UCMJ, 10 U.S.C. § 876.

In 2011, Petitioner filed a writ of habeas corpus with this court. *United States v. Williams*, Misc. Dkt No. 2011-05 (A.F. Ct. Crim. App. 26 October 2011) (unpub. op.). At that time, we decided we had jurisdiction over the writ. *Id.* at 2. We determined that the writ petition was a rehash of issues raised unsuccessfully on direct appeal and denied it on its merits. *Id.* at 3.

Petitioner asserts that he was granted parole on 20 February 2015.

*Discussion*

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs in aid of its jurisdiction. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction. *Clinton*, 526 U.S. at 534–35. "The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015). Therefore, the preliminary question is whether this court has jurisdiction to consider a writ petition from a petitioner whose court-martial conviction is final but is continuing to serve his term of confinement in a parole status. We conclude we do not have jurisdiction and dismiss the petition.

A writ of habeas corpus is "the traditional remedy for unlawful imprisonment." *Waller v. Swift*, 30 M.J. 139, 142 (C.M.A. 1990). A person who is on parole is "in custody" for the purpose of habeas corpus jurisdiction. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

We recently determined that we "do not have jurisdiction over habeas corpus petitions when a court-martial has completed direct review under Article 71, UCMJ, and is final under Article 76, UCMJ." *Chapman v. United States*, 75 M.J. 598 (A.F. Ct. Crim. App. 18 February 2016). Although a habeas petition is available for parolees, Petitioner's writ is outside the military court's limited jurisdiction. We therefore dismiss the petition for a writ of habeas corpus, without prejudice for Petitioner to file a writ of error coram nobis with this court.

Although Petitioner may later file a writ of coram nobis, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id.* If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues. *Id.*

*Conclusion*

Petitioner's writ of habeas corpus is outside this court's limited jurisdiction. Accordingly, it is by the court on this 4th day of April, 2016,

**ORDERED:**

That the petition for extraordinary relief in the nature of a writ of habeas corpus is hereby **DISMISSED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

3                                    Misc. Dkt. No. 2015-01