# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Staff Sergeant VICTORINO REFRE JR.
### United States Air Force

### Misc. Dkt. No. 2016-08

### 9 June 2016

Sentence adjudged 22 December 1978 by SPCM convened at Davis-Monthan Air Force Base, Arizona. Military Judge: Robert E. Tomes (sitting alone).

Approved Sentence: A fine of $125.00 and a reduction to E-4.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Petitioner requested extraordinary relief on 18 December 2015, seeking access to documents related to his 1978 court-martial, appointment of appellate defense counsel, and asking this court to set aside the findings and sentence. We treated this as a writ of error coram nobis. *See Nkosi v. Lowe*, 38 M.J. 552, 553 (A.F.C.M.R. 1993) ("The label placed on a petition for extraordinary relief is of little significance."). We dismissed the petition for lack of jurisdiction. *United States v. Refre*, Misc. Dkt. No. 2016-01, unpub. op. at 3 (A.F. Ct. Crim. App. 31 March 2016).

A service court lacks jurisdiction over a writ petition when the underlying court-martial did not result in a sentence with mandatory jurisdiction under Article 66, UCMJ, 10 U.S.C. 866 (2012), nor in referral by The Judge Advocate General under Article 69, UCMJ, 10 U.S.C. § 869 (2012). Our superior court declared, "As the Judge Advocate General did not refer Appellant's case to the [court of criminal appeals (CCA)]—a statutory

prerequisite for its review—the CCA was without jurisdiction to review it." *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015). "Consideration of extraordinary relief is not 'in aid' of the CCA's jurisdiction, because the CCA had none in the first place." *Id.* at 443.

Petitioner has now submitted another writ petition which seeks reconsideration. We note that our first decision incorrectly listed that his court-martial occurred in 1977 and was final in 1978; however, the court-martial sentence was adjudged on 22 December 1978 and the special court-martial order was issued on 23 January 1979. Regardless, we conclude that neither the factual matters nor the legal precedent has changed regarding the lack of jurisdiction. Petitioner has not established any valid reason for reconsideration. Therefore, we again deny the petition for lack of jurisdiction; no further petitions will be accepted or docketed by the court on this matter.

Accordingly, it is by the court on this 9th day of June, 2016,

**ORDERED:**

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is hereby **DISMISSED for lack of jurisdiction**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court