# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

---

**Staff Sergeant KELLY S. ERICKSON**
**United States Air Force,**
**Petitioner**

**v.**

**UNITED STATES,**
**Respondent**

**Misc. Dkt. No. 2016-09**

**9 June 2016**

Sentence adjudged 31 October 2002 by GCM convened at McChord Air Force Base, Washington. Military Judge: Roger A. Drew (sitting alone).

Approved sentence: Dishonorable discharge, confinement for life with eligibility for parole, and reduction to E-1.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

Brown, Judge:

The pro-se Petitioner filed a petition for a writ of habeas corpus. We conclude we do not have jurisdiction and dismiss the petition.

*Background*

Consistent with his pleas, Petitioner was convicted of one specification of violating a lawful order, two specifications of raping a female under the age of 12, one specification of sodomy with a female under the age of 12, two specifications of committing an indecent act upon a female under the age of 16, three specifications of taking indecent liberties with a female under the age of 16, and one specification of communicating indecent language to a female under the age of 16, in violation of Articles 92, 120, 125, and 134, UCMJ, 10

U.S.C. §§ 892, 920, 925, 934. Additionally, Petitioner pled not guilty to one specification of perjury, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Petitioner was found not guilty of perjury, but guilty of obstruction of justice. The military judge sentenced Petitioner to a dishonorable discharge, confinement for life with the possibility of parole, and reduction to E-1. The convening authority approved the adjudged sentence.

On appeal, this court affirmed the approved findings and sentence. *United States v. Erickson*, 63 M.J. 504 (A.F. Ct. Crim. App. 2006). Our superior court granted review and affirmed this court's decision. *United States v. Erickson*, 65 M.J. 221 (C.A.A.F. 2007). Review was denied by the Supreme Court on 24 June 2010. *United States v. Erickson*, 552 U.S. 952 (2007). With review complete under Article 71(c), UCMJ, 10 U.S.C. § 871(c), and the sentence affirmed, the convening authority promulgated General Court-Martial Order Number 19 and ordered Petitioner's dishonorable discharge to be executed on 29 November 2007. Petitioner's case is final under Article 76, UCMJ, 10 U.S.C. § 876.

*Discussion*

The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs in aid of its jurisdiction. *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction. *Clinton*, 526 U.S. at 534–35. "The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015). Therefore, the preliminary question is whether this court has jurisdiction to consider a writ petition from a petitioner whose court-martial conviction is final but is continuing to serve his term of confinement. Consistent with our holding in *Chapman v. United States*, 75 M.J. 598 (A.F. Ct. Crim. App. 2016), we conclude we do not have jurisdiction and dismiss the petition.

In *Chapman*, we held that we "do not have jurisdiction over habeas corpus petitions when a court-martial has completed direct review under Article 71, UCMJ, and is final under Article 76, UCMJ." *Id*. at 600–01. Petitioner's writ is outside the military court's limited jurisdiction. We, therefore, dismiss the petition for a writ of habeas corpus, without prejudice for Petitioner to file a writ of error coram nobis with this court.

Although Petitioner may later file a writ of error coram nobis, to be entitled to the writ he must meet the following threshold requirements:

> (1) the alleged error is of the most fundamental character;
> (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise

of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009).

This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the aforementioned threshold requirements for a writ of coram nobis. *Id*. If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues. *Id*.

*Conclusion*

Petitioner's writ of habeas corpus is outside this court's limited jurisdiction. Accordingly, it is by the court on this 9th day of June, 2016,

**ORDERED**:

That the petition for extraordinary relief in the nature of a writ of habeas corpus is hereby **DISMISSED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court