# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL Q. COFFMAN**
**United States Army, Appellant**

ARMY 20190329

Headquarters, Fort Bliss
Michael S. Devine, Military Judge
Lieutenant Colonel Brett A. Farmer, Staff Judge Advocate

For Appellant:  Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA.

For Appellee:  Major Hannah E. Kaufman, JA.

11 May 2020

------------------------------------
OPINION OF THE COURT
ON RECONSIDERATION
------------------------------------

WALKER, Judge:

This case involves the interplay between a convening authority's action under Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860 [UCMJ] (2012 & Supp. V 2018), and this court's appellate jurisdiction under Article 66, UCMJ (2018).  For cases referred after 1 January 2019, as this case was,[1] these two articles of the UCMJ were delinked with the implementation of new post-trial procedures under the Military Justice Act of 2016.[2]  Specifically, for cases in which the new

---

[1] This case was referred to trial on 26 April 2019.

[2] Prior to 1 January 2019, this court had appellate jurisdiction over cases in which the sentence, as approved and acted on by the convening authority, included a punitive discharge or confinement for one year or more.  *See* UCMJ (2012 & Supp. V 2018) art. 60; UCMJ (2012 & Supp. V 2018) art. 66(b)-(c).  For cases referred to trial after 1 January 2019, this court has jurisdiction over cases in which the

(continued . . .)

post-trial procedures apply, this court's appellate jurisdiction no longer requires a convening authority's action under Article 60,[3] UCMJ (2012 & Supp. V 2018), as appellant argues, but rather, an entry of judgment by the military judge. *See* UCMJ (2018) art. 66(b)(3).

## BACKGROUND

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave terminated by apprehension and one specification of wrongful use of cocaine in violation of Articles 86 and 112a, UCMJ. The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1. Appellant was also credited with eighty-three days against his sentence to confinement.

Pursuant to a pretrial agreement between appellant and the convening authority, the convening authority agreed to "[d]isapprove any confinement in excess of 121 days." Appellant elected not to submit matters to the convening authority prior to the convening authority taking action on his sentence. *See* Rule for Courts-Martial [R.C.M.] 1106(e). However, the convening authority in this case failed to take action on appellant's adjudged sentence (by indicating "N/A" in the "action on the findings and/or the sentence" section of the convening authority action form), in contravention of his requirement to do so pursuant to Article 60, UCMJ (2012 & Supp. V 2018).[4] Not only did the convening authority's failure to

---

(. . . continued)

sentence, as entered into the record by the military judge pursuant to Article 60c, UCMJ, includes a punitive discharge or confinement for two years or more. UCMJ (2018) art. 66(b)(3).

[3] This references Article 60, UCMJ (2012 & Supp V 2018), which required a convening authority to take action on a sentence, and not Article 60a, UCMJ (2018), in which a convening authority is no longer required to act on a sentence but *may* act on a sentence. *See* UCMJ (2012 & Supp. V 2018) art. 60(c)(2)(A); UCMJ (2018) art. 60a(a)(1)(A).

[4] Executive Order 13825 requires that some portions of the version of Article 60, UCMJ, in effect on the earliest date of misconduct for which an accused was convicted shall apply to that accused's post-trial process. Exec. Order 13825, 83 Fed. Reg. 9889, 9890 (1 Mar. 2018). The earliest date of misconduct for which appellant was convicted was 2 September 2018. Accordingly, the relevant portion of the version of Article 60, UCMJ, applicable in this case directs that "[a]ction on the

(continued . . .)

take action ignore his requirement to do so pursuant to Article 60, UCMJ (2012 & Supp. V 2018), but it left the adjudged sentence in place in violation of the pretrial agreement.

We previously reviewed this case under Article 66, UCMJ (2018). *United States v. Coffman*, ARMY 20190329, 2020 CCA LEXIS 104 (Army Ct. Crim. App. 1 April 2020) (summ. disp.). While appellant did not raise any assignments of error before this court, he did note that the convening authority's election to take no action on the adjudged sentence was erroneous and inconsistent with the pretrial agreement, which limited confinement to 121 days. Appellant acknowledged this court could take corrective action under its Article 66(d), UCMJ (2018), authority.[5] The government agreed that the convening authority's action on the sentence was in contravention of the pretrial agreement and requested that this court take corrective action.

Based upon our Superior Court's well established precedent that this court has the authority to enforce a pretrial agreement where a convening authority has failed to take action he was required to take under the terms of the agreement,[6] we took corrective action and approved only so much of the sentence as was in compliance with appellant's pre-trial agreement. *Coffman*, 2020 CCA LEXIS 104, at *2. Judicial economy dictated that we correct the error at our level rather than send the case back for a corrected action. *Id*. "[I]t would be a classic waste of resources for an appellate court to remand the case for consideration of [a] clearly meritorious error, rather than simply to redress the wrong, right then and there." *United States v. Welker*, 44 M.J. 85, 91 (C.A.A.F. 1996).

After we issued our decision approving only so much of appellant's sentence as contemplated in the pretrial agreement, appellant requested this court reconsider our holding that this court possessed the authority to take corrective action on appellant's sentence when the convening authority failed to take action on the

---

(. . . continued)
sentence of a court-martial *shall be taken* by the convening authority or by another person authorized to act under this section." UCMJ (2012 & Supp V 2018) art. 60(c)(2)(A) (emphasis added).

[5] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally presented one matter for this court's consideration: that the post-trial delay between the date of sentencing and the certification of the record of trial warrants relief. As we did in our first review in appellant's case, we have given full and fair consideration to this matter and find it to be without merit.

[6] *United States v. Cox*, 22 U.S.C.M.A. 69, 46 C.M.R. 69, 71-72 (C.M.A. 1972).

sentence as required by Article 60, UCMJ (2012 & Supp V 2018). Appellant now avers that this court lacked jurisdiction to take corrective action and argues there is no approved sentence by the convening authority in the record which would confer jurisdiction on this court under Article 66(b)(3), UCMJ (2018).

Upon reconsideration, we find the convening authority's error does not impact this court's jurisdiction and authority to review appellant's case. Accordingly, while it was error for the convening authority to fail to take action in appellant's case, for the reasons noted below, that error is neither a jurisdictional bar to this court's review authority under Article 66, UCMJ (2018), nor prejudicial to appellant's substantial rights.

## LAW AND DISCUSSION

This court is a court of limited jurisdiction, established by the Judge Advocate General. UCMJ (2018) art. 66(a) ("Each Judge Advocate General shall establish a Court of Criminal Appeals . . . ."); *see also United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) ("The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute.") (citation omitted). Historically, our appellate jurisdiction under Article 66, UCMJ (2012 & Supp. V 2018), did not vest without a convening authority's action under Article 60, UCMJ (2012 & Supp V 2018). Prior to January 2019, our appellate jurisdiction to act with respect to the findings and sentence of a courts-martial had two requirements: (1) a sentence which included a punitive discharge or confinement for one year or more; that was (2) acted on and approved by the convening authority as required by Article 60, UCMJ (2012 & Supp V 2018). *See* UCMJ (2012 & Supp V 2018) art. 66(c) ("[A] Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority."). Therefore, until a convening authority acted on a sentence pursuant to Article 60, UCMJ (2012 & Supp V 2018), this court did not possess appellate jurisdiction.

Considering that Congress has amended Article 60, UCMJ, over the past decade, the President, via executive order, directed that the version of Article 60, UCMJ, applicable to a court-martial is dependent upon the earliest date of misconduct for which an accused was convicted.[7] In other words, the version of

---

[7] The Executive Order directs that the version of Article 60, UCMJ, in effect at the time of appellant's earliest offense is applicable to the extent it: requires convening authority action on the sentence; permits convening authority action on findings; authorizes the convening authority to modify the findings and sentence of a court-martial in certain respects; authorizes proceedings in revision; and authorizes the

(continued . . .)

Article 60, UCMJ, applicable to an accused's court-martial will be that version in effect on the earliest date of misconduct for which an accused was convicted. Exec. Order 13825, 83 Fed. Reg. at 9890. The earliest date of an offense for which appellant was convicted in this case is 2 September 2018 (The Specification of Charge II). Accordingly, the version of Article 60, UCMJ, applicable in this case is the version that was in effect on 2 September 2018. Exec. Order 13825, 83 Fed. Reg. at 9890.

The older version of Article 60, UCMJ, directs that "[a]ction on the sentence of a court-martial *shall be taken* by the convening authority or by another person authorized to act under this section." UCMJ (2012 & Supp V 2018) art. 60(c)(2)(A) (emphasis added). Despite this mandate to take action, the convening authority in this case, by indicating "N/A," failed to take action on appellant's adjudged sentence. As such, we find the convening authority erred in his non-compliance with Article 60, UCMJ (2012 & Supp V 2018), and indicating "N/A" or stating "No Action" does not constitute taking action in a case. However, the convening authority's failure to take action does not deprive this court of jurisdiction in this case.

Congress amended post-trial procedures in the Military Justice Act of 2016, which was effective 1 January 2019. *See* National Defense Authorization Act for Fiscal Year 2017, P.L. 114-328 §§ 5321-5330 (23 Dec. 2016) [NDAA 2017]; Exec. Order 13825, 83 Fed. Reg. at 9889. The charges against appellant were referred on 26 April 2019, and appellant was tried on 17 May 2019, thus requiring the application of the post-trial procedures effective on 1 January 2019.[8] NDAA 2017, § 5542. Under the new post-trial procedures, this court's appellate jurisdiction, pursuant to Article 66, UCMJ (2018), is no longer dependent upon the convening authority's action. Instead, under Article 66, UCMJ (2018), a "Court of Criminal Appeals [has] jurisdiction over a court-martial in which the judgment entered into the record under [Article 60c, UCMJ] includes a sentence of . . . [a] bad-conduct discharge . . . ." UCMJ (2018) art. 66(b)(3). Article 66(d)(1), UCMJ (2018), further provides that this court "may act only with respect to the findings and sentence as entered into the record under [Article 60c, UCMJ]." Article 60c, UCMJ,[9] requires

---

(. . . continued)
convening authority to approve, disapprove, commute, or suspend a sentence. *See* Exec. Order 13825, 83 Fed. Reg. at 9890.

[8] As noted above, the exception to this rule is the applicable version of Article 60, UCMJ. *See* Exec. Order 13825, 83 Fed. Reg. at 9890.

[9] Article 60c, UCMJ, did not exist prior to 1 January 2019.

the military judge to include in the judgment the Statement of Trial Results (including pleas, findings, and sentence), as well as "any post-trial action by the convening authority." UCMJ (2018) art. 60c(a)(1). Here, the judgment entered into the record includes a sentence to a bad-conduct discharge, and correctly reflects that the convening authority took no post-trial action.

The requirements of Article 66, UCMJ (2018), conferring jurisdiction on this court, were satisfied upon the military judge's entry of judgment into the record which included an adjudged bad conduct discharge, and which reflected the convening authority's failure to take action in this case. As such, the entry of judgment properly reflected all of the elements required by Article 60c, UCMJ (2018), to confer jurisdiction on this court. Finding the jurisdictional requirements of Article 60c, UCMJ (2018), satisfied, we further find that the convening authority's error in not taking action on appellant's sentence does not otherwise invalidate the entry of judgment nor impact this court's jurisdiction and authority to review appellant's case. Therefore, we reject appellant's argument that this court lacks jurisdiction. We similarly reject appellant's argument that this court improperly relied upon *Cox*, 46 C.M.R. 69, in holding that it possessed the authority to take corrective action in appellant's case. As we find we have jurisdiction over appellant's case, our ability to remedy a deficient convening authority action, as discussed in *Cox*, remains intact.[10]

As the convening authority's error is not jurisdictional in nature, we test the error for prejudice pursuant to Article 59(a), UCMJ. *See United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005) ("[W]here an error is procedural rather than jurisdictional in nature we test for material prejudice to a substantial right to determine whether relief is warranted.") (citations omitted). To determine harmlessness in this context—that is whether appellant's substantial right to seek clemency was materially prejudiced—we considered: (1) appellant's request for, or

---

[10] As the convening authority never disapproved the portion of the sentence to confinement exceeding 121 days, we note that the entry of judgment in this case reflects only the adjudged sentence, which is unlawful pursuant to the pretrial agreement. Despite this reflection of an illegal sentence in the entry of judgment, it nonetheless confers jurisdiction on this court to review appellant's case because the technical requirements of Article 60c, UCMJ (2018) are satisfied, as discussed above. We analyze the error in the entry of judgment similar to the way we viewed errors in a convening authority's action prior to the effective date of the Military Justice Act of 2016. *See Cox*, 46 C.M.R. 69. That is, once we have jurisdiction to review appellant's case, as conferred by the entry of judgment, we are authorized to remedy a sentence that is unlawful because it does not comply with a pretrial agreement. *See id.*

waiver of, clemency; (2) the convening authority's clemency authority in this case; and (3) the advice the convening authority received related to his ability to exercise clemency powers.

Here, appellant waived his ability to seek clemency. Additionally, as appellant was sentenced to a bad-conduct discharge, confinement for five months (with eighty-three days of pretrial confinement credit), and reduction to the grade of E-1, the convening authority was precluded from granting appellant clemency for the most severe portion of the sentence—the adjudged punitive discharge. UCMJ (2012 & Supp V 2018) art. 60(c)(4)(A). Finally, the convening authority received proper legal advice related to his ability to provide clemency in appellant's case. Considering all of the above, we find the convening authority's non-compliance with the applicable version of Article 60, UCMJ (2012 & Supp V 2018), was harmless.

## CONCLUSION

The findings of guilty are AFFIRMED. We affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for 121 days, and reduction to E-1.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

7