# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| In re Paul R. SABLAN | ) | Misc. Dkt. No. 2024-06 |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 2** |

Petitioner was found guilty at a general court-martial composed of officer and enlisted members of one specification of carnal knowledge, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and four specifications of willful dereliction of duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892.[1,2] On 10 June 2005, the court-martial sentenced Petitioner to confinement for six months and reduction to the grade of E-2. On 19 August 2005, the convening authority approved the sentence as adjudged.

Petitioner's sentence did not meet the jurisdictional threshold for automatic review by this court. *See* Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1) (establishing automatic review of cases with an approved sentence to a punitive discharge or one year or more of confinement). Review of Petitioner's case on behalf of The Judge Advocate General (TJAG) under Article 69, UCMJ, 10 U.S.C. § 869, was completed on 23 September 2005. That review found:

> The record of trial in this case has been examined in this office and the findings and sentence have been found to be supported in law. The Judge Advocate General has not directed review by the Court of Criminal Appeals.

On 30 May 2024, through counsel, Petitioner filed with this court the instant petition for a writ of *coram nobis*. Petitioner requests that we "set aside

---

[1] All references to the punitive articles in the UCMJ are to the *Manual for Courts-Martial, United States* (2002 ed.). All other references to the UCMJ are to the *Manual for Courts-Martial, United States* (2005 ed.).

[2] Petitioner was found not guilty of one specification of sodomy, Article 125, UCMJ, 10 U.S.C. § 925. Petitioner had pleaded guilty to the specification of dereliction of duty alleging he consumed alcohol while under the legal drinking age.

the findings and sentence in his court-martial, except for those to which [Petitioner] pled guilty."

"Courts-martial . . . are subject to collateral review within the military justice system." *Denedo v. United States*, 66 M.J. 114, 119 (C.A.A.F. 2008) (citations omitted), *aff'd and remanded*, 556 U.S. 904 (2009). This court is authorized under the All Writs Act to issue "all writs necessary or appropriate in aid of [our] jurisdiction[ ]." 28 U.S.C. § 1651(a); *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013). The All Writs Act is not an independent grant of appellate jurisdiction, and it cannot enlarge a court's jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). Likewise, the Act does not grant this court authority "to oversee all matters arguably related to military justice, or to act as a plenary administrator even of criminal judgments it has affirmed." *Id.* at 536.

The United States Court of Appeals for the Armed Forces has held that a service court does not have jurisdiction over a writ petition when the underlying court-martial did not result in a sentence with mandatory jurisdiction under Article 66, UCMJ, 10 U.S.C. § 866, nor in referral by TJAG under Article 69, UCMJ, 10 U.S.C. § 869. *United States v. Arness*, 74 M.J. 441, 443 (C.A.A.F. 2015). "Consideration of extraordinary relief is not 'in aid' of the [Court of Criminal Appeals' (CCA's)] jurisdiction, because the CCA had none in the first place." *Id.*

This court had no jurisdiction to review Petitioner's court-martial convictions from 2005 because the approved sentence fell below the threshold for automatic review, and TJAG did not refer it to us. This petition for issuance of a writ of *coram nobis* regarding a court-martial conviction does not itself create jurisdiction. As we have no jurisdiction, granting Petitioner's request would not be in aid of our jurisdiction.

It is by the court on this 13th day of June, 2024,

**ORDERED:**

The above-referenced Petition for Writ of *Coram Nobis* received by this court on 30 May 2024 is hereby **DENIED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court