*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Jacob L. BRUBAKER-ESCOBAR, Sergeant
United States Army, Appellant

**No. 20-0345**

Crim. App. No. 20190618

Argued March 9, 2021—Decided June 4, 2021

Military Judges: Douglas K. Watkins and Maureen A. Kohn

For Appellant: *Captain Alexander N. Hess* (argued); *Colonel Michael C. Friess*, *Lieutenant Colonel Angela D. Swilley*, *Major Kyle C. Sprague,* and *Captain Nandor F. R. Kiss* (on brief).

For Appellee: *Captain Amanda L. Dixson* (argued); *Colonel Steven P. Haight*, *Lieutenant Colonel Wayne H. Williams*, and *Major Craig Schapira* (on brief).

Chief Judge STUCKY delivered the opinion of the Court, in which Judge MAGGS and Judge HARDY joined. Judge OHLSON filed a separate opinion concurring in the result, in which Judge SPARKS joined.

———————

Chief Judge STUCKY delivered the opinion of the Court.

Upon the advice of the staff judge advocate, the convening authority applied the provisions of the Military Justice Act of 2016[1] (MJA) and took no action on the findings or sentence adjudged in Appellant's court-martial. The United States Army Court of Criminal Appeals (CCA) determined that, in light of that court's precedent, which relied on the President's executive order in implementing the MJA, the convening authority's failure to take action on the sentence was error but the error was neither jurisdictional nor prejudicial to Appellant's substantial rights. *United States v. Brubaker-Escobar*, No. ARMY 20190618, slip op. at 1 n.* (A. Ct. Crim. App. June

———————

[1] National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5001–5542, 130 Stat. 2000, 2894–2968 (2016).

9, 2020) (per curiam). The court affirmed the adjudged findings and sentence. *Id.* slip op. at 1.

We granted review of Appellant's petition in which he argued that the convening authority erred in failing to act on his case, that this error deprived the CCA of jurisdiction to hear his appeal and, therefore, the case must be remanded to the convening authority for action. After oral argument, we specified an issue, asking whether the President's executive order implementing the MJA was lawful in requiring convening authorities to apply the post-trial procedures for taking action in effect on the date of the earliest offense. We hold that, as applied to this case, the executive order was not lawful, and the convening authority properly complied with the MJA.

## I. Background

Consistent with his plea agreement, Appellant pled guilty to, and was convicted at a general court-martial of five specifications of maltreating subordinates and one specification of assault consummated by a battery, all offenses occurring during 2018. Articles 93 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 893, 928 (2018). The plea agreement limited the discharge that could be adjudged to a bad-conduct discharge and the confinement that could be adjudged to twelve months. The military judge sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-1.

The staff judge advocate advised the convening authority that he could not take action on the findings but could disapprove the reduction to the grade of E-1. He recommended the convening authority "take no action on the findings and sentence." The convening authority signed a form entitled "Convening Authority Action," stating he was taking "No Action."

## II. The CCA's Decision

At the CCA, pursuant to *United States v. Grostefon*, 12 M.J. 431, 435 (C.M.A. 1982), Appellant personally asserted that the convening authority erred by failing to take action on the sentence. Relying on its previous precedent, *United States v. Coffman*, 79 M.J. 820, 822 n.6 (A. Ct. Crim. App. 2020), the CCA concluded, in a footnote to its per curiam "decision," that

the convening authority's failure to take action on the sentence was error "that was neither jurisdictional nor prejudicial to appellant's substantial right to seek clemency from the convening authority." *Brubaker-Escobar*, No. ARMY 20190618, slip op. at 1 n.*.

In *Coffman*, citing the President's executive order implementing the MJA, the CCA stated that in cases such as Appellant's, where at least one of the offenses was committed before January 1, 2019, "the version of Article 60, UCMJ, applicable to an accused's court-martial will be that version in effect on the earliest date of misconduct for which an accused was convicted. Exec. Order 13825, 83 Fed. Reg. at 9890." 79 M.J. at 822. The court held that the convening authority's failure to act, although error, did not deprive the CCA of jurisdiction, and could be tested for prejudice. *Id.* at 823–24.

### III. Standard of Review

The Government argues that we should review for plain error because (1) Appellant did not raise the issue at trial; and (2) Appellant failed to challenge the convening authority's lack of action before the military judge issued the entry of judgment. Of course, as the convening authority does not act until after the findings and sentence are adjudged, it was impossible for Appellant to have raised this issue at trial. And the military judge appears to have entered judgment prematurely. Either party may file a motion to correct the convening authority's action within five days of receipt. Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B). By entering judgment the day after the convening authority's entry of "No Action," the military judge short-circuited Appellant's ability to file an objection, under R.C.M. 1104(b)(1)(F), to the convening authority's refusal to take action.

"The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citing *United States v. Politte*, 63 M.J. 24, 25 (C.A.A.F. 2006)). The scope of that jurisdiction is a legal question this Court reviews de novo. *United States v. English*, 79 M.J. 116, 121 (C.A.A.F. 2019). We review a lower court's construction of statutes and executive orders de novo. *See United States v. Idaho*, 210 F.3d 1067, 1072 (9th Cir. 2000), *aff'd*, 533 U.S. 262 (2001); *United*

*States v. Fetrow*, 76 M.J. 181, 185 (C.A.A.F. 2017) (statutes and rules).

## IV. Discussion

In the MJA, Congress gave the President the authority to designate the effective date of its provisions and the duty to "prescribe in regulations whether, and to what extent, the amendments made by this [act] shall apply to a case in which *one or more actions under* [*the UCMJ*] *have been taken before the effective date of such amendments.*" MJA § 5542(c)(1), 130 Stat. at 2967 (emphasis added). The President designated January 1, 2019, as the effective date of the MJA, except as otherwise provided in the MJA or his executive order. Exec. Order No. 13,825 § 2(c), 83 Fed. Reg. 9889, 9890 (Mar. 1, 2018).

The President further ordered that, if an accused was found guilty of any specification alleging the commission of at least one offense before January 1, 2019:

> Article 60, of the UCMJ, as in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:
>
> (1) requires action by the convening authority on the sentence;
>
> . . . .
>
> . . . or
>
> (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*Id.* § 6(b).

All of Appellant's offenses occurred in 2018. The charges were preferred on May 13, 2019, and referred to trial by general court-martial on June 26, 2019.

Appellant argues that the military judge was required, under Article 60c(a)(1), UCMJ, as enacted in the MJA, to enter judgment "in accordance with the rules prescribed by the President." By executive order, the President had prescribed that, for cases in which any conviction was for an offense committed before January 1, 2019, the pre-MJA rules requiring convening authority action would apply. Action

under the pre-MJA Article 60 required the convening authority to approve, disapprove, suspend, or commute the sentence. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) (2012 & Supp. I 2013–2014). The failure of the convening authority to take action, Appellant contends, rendered the entry of judgment invalid and thus required remand to the convening authority for action.

Appellant's reliance on the rules prescribed by the President in his executive order is misplaced. The current Article 60c(a)(1), UCMJ, 10 U.S.C. § 860c(a)(1) (2018), upon which the President's rules are based, provides: "In accordance with rules prescribed by the President, in a general or special court-martial, the military judge shall enter into the record of trial the judgment of the court." But nothing in Article 60c(a)(1) gives the President license to decide in which cases the convening authority would no longer be required to take action on the case. It merely allows the President to prescribe the rules for the military judge to follow in entering the judgment: how it is to be done and what shall be included in the entry of judgment.

The CCA's decision in this case and in *Coffman* is based on reading the President's executive order in isolation, without considering the MJA. This the CCA cannot do. The MJA granted the President authority to prescribe the extent to which the provisions of the amendments shall apply to offenses committed before the statute's effective date but specifically restricted that authority to cases in which "one or more actions under [the UCMJ] have been taken" before that effective date. MJA § 5542(c)(1), 130 Stat. at 2967.

When questioned at oral argument, neither party was able to address the apparent conflict between § 5542 of the MJA and § 6(b) of the executive order. Therefore, we specified the issue and ordered briefs.

In response, Appellant recognizes that "[b]ecause no actions were taken under the Code prior to January 1, 2019, in this case, the President did not have authority under Section 5542 to say that the prior Article 60 supplants the newly-enacted Article 60a." Nevertheless, he argues that § 6(b) of the executive order was still applicable because, separate from

the MJA, the President was exercising the authority Congress granted him in Article 36, UCMJ, 10 U.S.C. § 836 (2018), to prescribe post-trial procedures.

Of course, the President's authority to prescribe post-trial rules is restricted; his rules "may not . . . be contrary to or inconsistent with [the UCMJ]." Article 36(a), UCMJ. Section 6(b) of the executive order is inconsistent with the MJA to the extent it orders convening authorities to apply pre-MJA post-trial procedures to cases in which no UCMJ action was taken before the MJA's effective date, January 1, 2019.

On the other hand, the Government argues that § 6(b) was valid because the word "action" in § 5542 was vague and could encompass the commission of the offense, in addition to the initiation of criminal charges under the UCMJ. In his supplemental reply brief, Appellant joins this meritless argument.

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (internal quotation marks omitted) (quoting *National Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007)). The MJA does not use the term "action[]" in isolation. The statute says, "a case in which one or more actions under chapter 47 of title 10, United States Code (the Uniform Code of Military Justice), have been taken." MJA § 5542(c)(1), 130 Stat. at 2967. Clearly, that is not referring to the commission of an offense under the UCMJ. It is referring to the initiation of criminal action against an accused: the preferral of charges, Article 30, UCMJ, 10 U.S.C. § 830 (2018), or in the case of an accused who declines to accept nonjudicial punishment, the notification of intent to impose nonjudicial punishment, Article 15, UCMJ, 10 U.S.C. § 815 (2018).

The Government also argues that the President's implementation of the MJA in § 6(b) of the executive order "eliminated any *ex post facto* concerns related to the convening authority's clemency powers for offenses that occurred before the implementation date of the MJA 2016," and "[a] conclusion that Congress so afforded the President the authority to implement rules that would avoid such concerns is evident in the text of the statute." We find no support in the text of the

statute for the proposition that Congress provided the President such authority and the Government has not pointed to any. Furthermore, the President is not authorized to prescribe rules implementing the UCMJ that are contrary to or inconsistent with the statute. Article 36(a), UCMJ.

We conclude that the amendments to Article 60 contained in the MJA applied to Appellant's case, the staff judge advocate's advice that the convening authority was not required to act was correct, the convening authority's failure to take action was not error, and the CCA had jurisdiction to review Appellant's case. To the extent *Coffman* applied § 6 of the executive order to cases in which no action was taken under the UCMJ before January 1, 2019, it is overruled.

## V. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

Judge OHLSON, with whom Judge SPARKS joins, concurring in the result.

The legality of Executive Order 13,825[1] is a much closer question than the majority opinion indicates, as demonstrated by the fact that *both* Appellant *and* the Government agree that the executive order was a valid exercise of the President's rulemaking authority. Specifically, the parties take the position that the term "action[]" as used in § 5542(c)(1) of the Military Justice Act of 2016 (MJA)[2] could encompass the commission of a criminal offense rather than just governmental action. *See* Articles 77—134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 877—934 (2012). In addition, Appellant argues that the executive order was lawful because "Article 36, UCMJ, provided the President additional authority to promulgate Section 6(b) [of Exec. Order No. 13,825] because it grants additional rights to an accused that do not conflict with Article 60c, UCMJ," 10 U.S.C. § 860c (2018). In my view, both of these arguments by the parties are at least plausible—and perhaps entirely persuasive.

We need not reach the merits of this point, however. Irrespective of the lawfulness of the executive order, Appellant cannot prevail in this case, and I believe it is a wise exercise of judicial restraint not to declare a president's action to be unlawful when such a determination is not required for the disposition of a case. Therefore, I decline to adopt the majority's approach here. Nevertheless, both the majority and I reach the same result: The judgment of the United States Army Court of Criminal Appeals (CCA) should be affirmed. The majority has explained why this is so if the executive order is deemed unlawful. I now seek to explain why this is so even if we adopt the position of both the Government and Appellant that the executive order was a valid exercise of the President's rulemaking authority. *See United States v. LaGrange*, 3 C.M.R. 76, 78 (1952) (This Court has a duty "to reconcile any conflicting provisions [of a statute and an executive

---

[1] Exec. Order No. 13,825, 83 Fed. Reg. 9889 (Mar. 1, 2018).

[2] National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5542, 130 Stat. 2000, 2967 (2016).

order] and to construe them, in so far as reasonably possible, so as to be in harmony with each other.").

Under § 6(b) of Exec. Order No. 13,825, the provisions of the "old" Article 60, UCMJ, 10 U.S.C. § 860 (Supp. I 2014)—rather than the provisions of the "new" Article 60a, UCMJ, 10 U.S.C. § 860a (2018)—apply to cases where at least one of the offenses occurred before January 1, 2019. Because the offenses in the instant case occurred before January 1, 2019, the provisions of the old Article 60, UCMJ, would apply to Appellant's case.

The old Article 60(c)(2)(A), UCMJ, states that "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority."[3] (Emphasis added.) As a result, a convening authority errs if he fails to take one of the following mandated post-trial actions in a case: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part. Article 60(c)(2)(B), UCMJ. In the instant case, the convening authority failed to take one of the required actions under the old Article 60, UCMJ. He instead took "No Action." Therefore, the convening authority erred.

The effect of this error, however, depends on which version of Article 66, UCMJ, is applicable to a specific case—the old version at 10 U.S.C. § 866 (2012), or the new version at 10 U.S.C. § 866 (2018). The new version of Article 66, UCMJ, is applicable to those cases that were preferred or referred on or after January 1, 2019. Exec. Order No. 13,825 § 3. In the instant case, the charges were referred after January 1, 2019. Therefore, the new version of Article 66, UCMJ, applies here.

The new Article 66, UCMJ, automatically provides the CCAs with jurisdiction when the military judge enters a judgment into the record that includes a sentence of a bad-conduct discharge. Article 66(b)(3), UCMJ. Here, the court-martial sentenced Appellant to a bad-conduct discharge. Under the old Article 60(c)(4)(A), UCMJ, the convening authority could

---

[3] Under the provisions of the new Article 60a(a)(1)(A), convening authorities are no longer required to affirmatively take action on the sentence. It states: "The convening authority . . . *may* act on the sentence of the court-martial only as provided in subsection (b), (c), or (d)." (Emphasis added.)

not disturb this portion of the sentence.[4] Consequently, the convening authority's error in taking "No Action" had no effect on the bad-conduct discharge sentence. Therefore, once the military judge entered into the record a judgment including a bad-conduct discharge, the Army CCA obtained jurisdiction in this case. Article 66(b)(3), UCMJ.[5] Therefore, the convening authority's erroneous failure to take action on the sentence did not deprive the Army CCA of jurisdiction over this case.[6]

Because the convening authority's error was not jurisdictional, it is instead procedural. Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are "test[ed] for material prejudice to a substantial right to determine whether relief is warranted." *United States v. Alexander,* 61 M.J. 266, 269 (C.A.A.F. 2005) (citations omitted).

---

[4] Under Rule for Courts-Martial (R.C.M.) 1109(c)(1), the convening authority could not disapprove the bad-conduct discharge, as a convening authority can "[m]odify a bad-conduct discharge . . . *only as provided* in subsections (e) and (f)." (Emphasis added.) R.C.M. 1109(e)(1) permits relief where "the accused has provided substantial assistance in the criminal investigation or prosecution of another person." R.C.M. 1109(f) permits relief where the military judge recommends a sentence suspension. Neither exception is applicable in this case.

[5] As R.C.M. 1111(a)(2) details, "[t]he entry of judgment terminates the trial proceedings and initiates the appellate process."

[6] In the past, this Court has indicated that a convening authority's failure to take action is a jurisdictional error depriving the CCA of jurisdiction. *See United States v. Politte*, 63 M.J. 24, 25 (C.A.A.F. 2006) ("[T]he Courts of Criminal Appeals may hear a case on the merits where: (1) a Judge Advocate General refers courts-martial records to the court; (2) a convening authority has approved the findings and sentence; and (3) the sentence as approved extends to death, a dismissal, a punitive discharge or confinement for one year or more."); *id.* at 28 (Erdmann, J., joined by Baker, J., dissenting) ("The Court of Criminal Appeals should have reviewed this action and found that it had no statutory authority to conduct further review."). However, the Court's opinion in *Politte* was based on the language of the prior version of Article 66(c), UCMJ. Because the Article 66, UCMJ, language has changed, the convening authority's error is now procedural error and did not deprive the CCA of jurisdiction.

Generally, concerns about a convening authority's decision memorandum should be addressed with the trial court before the military judge signs the entry of judgment, as dictated by R.C.M. 1104(b)(2)(B). An appellant's failure to file a post-trial motion within the allotted time forfeits his right to object to the accuracy of the convening authority's decision on an action memorandum, absent plain error. Here, Appellant failed to object and did not move to correct the decision on action or entry of judgment. *See* R.C.M. 1104(b)(1)(F) (permitting parties to file a post-trial motion alleging "error in the convening authority's action under R.C.M. 1109 or 1110"); R.C.M. 1104(b)(2)(B) ("A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action.").[7] Therefore, Appellant's challenge to the convening authority's action is reviewed for plain error.

In order to prevail under plain error review, an appellant must demonstrate that the error complained of was "clear or obvious." *United States v. Lopez*, 76 M.J. 151, 154 (C.A.A.F. 2017) (internal quotation marks omitted) (citation omitted). To determine whether error is clear or obvious at the time of appeal, this Court will consider, among other circumstances, whether the CCAs have "reached conflicting conclusions on

---

[7] As the majority observes, the military judge entered judgment the day after the convening authority's entry of "No Action." Under R.C.M. 1111(a)(2), "[t]he judgment reflects the result of the court-martial, as modified by any post-trial actions, rulings, or orders. The entry of judgment terminates the trial proceedings and initiates the appellate process." Further, the military judge is only enabled to sua sponte modify the entry of judgment under R.C.M. 1111(c)(1) for clerical or computational errors. Generally, then, the military judge should resolve post-trial motions before the entry of judgment. *See* Article 60(b)(2), UCMJ, 10 U.S.C. § 860(b)(2) (2018).

However, R.C.M. 1104(b)(2)(B) states that "[a] motion to correct an error in the action of the convening authority *shall be filed within five days* after the party receives the convening authority's action." (Emphasis added.) R.C.M. 1104(b)(2)(B) provides no exception for instances when the military judge enters the judgment before that five-day period elapses. Thus, Appellant had the right to file his post-trial motion within the five days allotted.

the question" that is in issue. *United States v. Gonzales*, 78 M.J. 480, 486–87 (C.A.A.F. 2019).

In the instant case, Appellant cannot meet his burden of demonstrating that the convening authority's procedural error was clear or obvious because this whole area of the law is a quagmire of confusion, as reflected in all of the disparate CCA opinions.[8] Therefore, Appellant is entitled to no relief.

Because I would affirm the decision of the lower court on the grounds set forth in this opinion, I concur in the judgment reached by the majority.

---

[8] *See generally United States v. Beavers*, No. ACM S32651, 2021 CCA LEXIS 20, 2021 WL 237418 (A.F. Ct. Crim. App. Jan. 22, 2021) (unpublished); *United States v. Humpel*, No. ACM S32622, 2021 CCA LEXIS 8, 2021 WL 96441 (A.F. Ct. Crim. App. Jan. 11, 2021) (unpublished); *United States v. Caffrey*, No. ACM 39879, 2021 CCA LEXIS 4, 2021 WL 79521 (A.F. Ct. Crim. App. Jan. 8, 2021) (unpublished); *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, 2020 WL 7233070 (A.F. Ct. Crim. App. Dec. 8, 2020) (unpublished); *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, 2020 WL 6938016 (A.F. Ct. Crim. App. Nov. 24, 2020) (unpublished); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, 2020 WL 5884489 (A.F. Ct. Crim. App. Sept. 30 2020) (unpublished); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, 2020 WL 4289983 (A.F. Ct. Crim. App. July 27, 2020) (unpublished); *United States v. Coffman*, 79 M.J. 820 (A. Ct. Crim. App. 2020).