*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

—————————

**UNITED STATES**
Appellee

**v.**

**Sebastian P. LaBELLA, Airman First Class**
United States Air Force, Appellant

**No. 15-0413**
Crim. App. No. 37679

Argued October 28, 2015—Decided December 11, 2015

Military Judge: W. Thomas Cumbie

For Appellant: *Major Ja Rai A. Williams* (argued).

For Appellee: *Gerald R. Bruce*, Esq. (argued); *Colonel Katherine E. Oler* (on brief).

Amicus Curiae for Appellant: *Colonel Patrick J. Wells*, *Major Isaac C. Kennen*, and *Brian L. Mizer*, Esq. (on brief)—for the United States Air Force Appellate Defense Division.

Judge STUCKY delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges RYAN and OHLSON, and Senior Judge LAMBERTH joined.

—————————

Judge STUCKY delivered the opinion of the Court.[1]

After the United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence in Appellant's case, he failed to file a timely petition with this Court. He moved the CCA to grant his petition for reconsideration out of time. The CCA granted his motion but denied the petition. Appellant appealed to this Court. We specified an issue, questioning whether this Court has jurisdiction to review Appellant's case. We hold that the CCA lacked jurisdiction to grant the motion for reconsideration. Consequently, this Court lacks jurisdiction to hear Appellant's appeal, which is dismissed.

---

[1] Senior Judge Royce C. Lamberth, of the United States District Court for the District of Columbia, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).

## I. Procedural History

A general court-martial composed of members convicted Appellant, contrary to his pleas, of two specifications of knowingly and wrongfully possessing child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012). Appellant was sentenced to a dishonorable discharge, confinement for six months, forfeiture of $447 pay per month for three months, and reduction to the lowest enlisted grade. The convening authority substituted a bad-conduct discharge for the dishonorable discharge but otherwise approved the adjudged sentence.

It appears that Appellant was first contacted by appellate defense counsel in December 2010, at which time Appellant indicated that he wished to appeal his case to the CCA and, eventually, to this Court. The CCA affirmed the findings and sentence in his case. *United States v. LaBella*, ACM No. 37679, 2013 CCA LEXIS 126, at *17–18, 2013 WL 932328, at *5–6 (A.F. Ct. Crim. App. Feb. 15, 2013).

Appellant's appellate defense counsel filed a petition for review with this Court on Appellant's behalf. *United States v. LaBella*, 72 M.J. 387 (C.A.A.F. 2013). Before acting on the petition, we granted her motion to withdraw from the case in light of her reassignment and the appointment of new counsel for Appellant. *United States v. LaBella*, 72 M.J. 437 (C.A.A.F. 2013) (order). Thereafter, we granted review, set aside the judgment of the CCA, and remanded the case for the CCA to review in light of this Court's opinion in *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012). *United States v. LaBella*, 72 M.J. 471 (C.A.A.F. 2013) (order granting review).

The newly appointed counsel filed a brief with the CCA in September 2013. Sometime during the summer of 2014, apparently before the CCA acted on the remand, he notified Appellant that he was separating from the Air Force and that an incoming attorney would represent him. There is no evidence in the record, however, that the CCA ever granted this request to withdraw.

The CCA again held that the findings and sentence were correct in law and fact. *United States v. LaBella*, ACM No. 37679 (rem), 2014 CCA LEXIS 385, at *25–26, 2014 WL 4803813, at *8 (A.F. Ct. Crim. App. July 2, 2014). That decision was provided to the Appellate Defense Division and deposited in the mail—first class, certified—on July 7, 2014, to

the last address provided by Appellant. Appellant acknowledged personal receipt of the CCA's decision on July 27, 2014.

The letter notifying Appellant of the CCA's decision warned that he had sixty days from the date of the letter to petition this Court for review. He was advised that an appellate defense counsel had been assigned to assist him and was provided a telephone contact number.

In October 2014, Appellant telephoned the Appellate Defense Division to inquire as to the status of his case. He was informed that no one in that office had filed a petition with this Court.

In an undated memorandum, the Judge Advocate General of the Air Force thereafter appointed Appellant's original appellate counsel, who was no longer assigned to the Appellate Defense Division, to again represent Appellant. She was directed to operate outside the functional supervision of the Appellate Defense Division because of a conflict of interest.

On December 3, 2014, Appellant's counsel moved on behalf of Appellant for the CCA to reconsider its opinion out of time. The United States opposed Appellant's motion for leave to file the motion for reconsideration out of time and the petition for reconsideration, arguing that Appellant's case had become final when he failed to file a timely petition for review at this Court and, therefore, the CCA lacked jurisdiction to consider the case on direct review.

Nevertheless, the CCA granted the motion to file the motion for reconsideration out of time, noting that Article 66, UCMJ, 10 U.S.C. § 866 (2012), its jurisdictional statute, does not provide a time limitation on petitions for reconsideration. The Judge Advocates General had imposed a thirty-day limitation period for such petitions,[2] but the CCA concluded it was subject to equitable tolling. *United States v. LaBella*, ACM No. 37679 (rem), slip op. at 2 (A.F. Ct. Crim. App. Jan. 9, 2015) (order). Although the court granted Appellant's motion to file the petition out of time, it denied the motion for reconsideration. *Id.*, slip op. at 3.

---

[2] Courts of Criminal Appeals Rule of Practice and Procedure 19(b).

On March 10, 2015, Appellant filed a petition for grant of review before this Court. *United States v. LaBella*, 74 M.J. 319 (C.A.A.F. 2015). The Government moved to dismiss the petition for lack of jurisdiction. The Government argues that Appellant had until September 5, 2014, to file his petition at this Court and, as he failed to do so, this Court is without jurisdiction to hear his appeal on direct review. This Court specified the jurisdictional issue for briefing and argument. *United States v. LaBella*, __ M.J. __ (C.A.A.F. 2015) (order granting review).

## II. Discussion

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute….'" *United States v. Daly*, 69 M.J. 485, 486 (C.A.A.F. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (internal quotation marks and citations omitted). The burden to establish jurisdiction rests with the party invoking the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

An appellant must file his petition for review at this Court within sixty days from the date he is notified of the decision of the CCA, or the date on which a copy of that decision, "after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first class certified mail to the accused," whichever is earlier. Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2) (2012); *United States v. Rodriguez*, 67 M.J. 110, 116 (C.A.A.F. 2009) (holding that the sixty-day statutory limitation is jurisdictional and mandatory). If during that sixty-day period, an appellant files a motion for reconsideration at the CCA, there is "no CCA decision for this Court to review." *United States v. Smith*, 68 M.J. 445, 446–47 (C.A.A.F. 2010). In such a case, the sixty-day statutory filing period at this Court begins to run anew, following the CCA's disposition of the motion. *See id.*

Appellant failed to file either a petition for review at this Court or a petition for reconsideration at the CCA within the statutory filing period, which expired on September 5, 2014. As a result, his conviction became final as to the legality of the proceedings on that date. *See* Articles 71(c)(1)(A), 76,

UCMJ, 10 U.S.C. §§ 871(c)(1)(A), 876 (2012); *Clinton v. Goldsmith*, 526 U.S. 529, 532 (1999); *Loving v. United States*, 64 M.J. 132, 137 (C.A.A.F. 2006). Therefore, the CCA lacked jurisdiction to grant Appellant's petition for reconsideration out of time and, consequently, this Court lacks jurisdiction to consider Appellant's petition for review.[3]

### III. Judgment

The judgment of the United States Air Force Court of Criminal Appeals granting Appellant's motion to consider his petition for reconsideration out of time is vacated. The Government's motion to dismiss Appellant's petition for review by this Court for lack of jurisdiction is granted.

---

[3] This result is consistent with joint rules governing the Courts of Criminal Appeals, which prohibit the grant of extensions of time under those rules for filing a petition for reconsideration after the expiration of the statutory period. *See* Courts of Criminal Appeals Rule of Practice and Procedure 19(d).