# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**ROB ROBERTS, Petitioner**

v.

**THE UNITED STATES OF AMERICA, Respondent**

ARMY MISC 20180005

30 January 2018

---

OPINION OF THE COURT AND ACTION ON
PETITION FOR EXTRAORDINARY RELIEF IN
THE NATURE OF A WRIT OF HABEAS CORPUS;
CORAM NOBIS; CORAM VOBIS; OR MANDAMUS

---

WOLFE, Judge:

Petitioner, Mr. Rob Roberts, asks this court to provide relief from his 1996 court-martial conviction. We lack jurisdiction to consider the petition for extraordinary relief as its substance is based on a claim of new evidence, which is time-barred by Article 73, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 873. The claim, therefore, cannot be said to be in furtherance of our jurisdiction as required by the All Writs Act, 28 U.S.C. § 1651. As such, we dismiss the petition.

We take judicial notice that a military panel with enlisted representation, sitting as a general court-martial, convicted petitioner, contrary to his pleas, of two specifications of forcible sodomy with a child under the age of sixteen, five specifications of indecent acts or liberties with a child, one specification of indecent assault, in violation of Articles 125 and 134, UCMJ.[1] *United States v. Roberts*, ARMY 9600785, 1998 CCA LEXIS 590 (Army Ct. Crim. App. 16 Dec. 1998) (mem. op. and action on petition for new trial). The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

---

[1] Petitioner's pro se submission to this court consisted of a two-and-a-half-page brief. For purposes of determining whether we have jurisdiction to consider the petition we accept petitioner's factual claims as true.

## BACKGROUND

Petitioner asserts he has Gulf War Illness from exposure to nerve agents during service, service-related post-traumatic stress disorder, anxiety, and depression. Petitioner asserts he became aware of his conditions only after being released from confinement. Although petitioner states the Department of Veterans Affairs sent him certain notices in 1997 and 2000, petitioner claims he did not receive them while confined. Finally, petitioner asserts that had he been aware of his medical conditions during trial, "the entire proceedings would have been different resulting in a substantially more favorable outcome for appellant."

Broadly, petitioner bases his plea for relief on new evidence that he was unaware of at trial. Petitioner claims that had the court-martial had this evidence, the findings and sentence would have been directly affected or that the case would not have been referred to trial. Reading the petition favorably, we understand petitioner to be claiming the medical conditions would have created a defense (e.g. mental responsibility) or would have been so mitigating or extenuating as to result in a substantially different outcome.

## LAW AND DISCUSSION

We lack jurisdiction to consider the petition. The United States Supreme Court explained the limit of our writ authority in *Clinton v. Goldsmith*:

> While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process "in aid of" the issuing court's jurisdiction. 28 U.S.C. § 1651(a) ("All courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). Thus, although military appellate courts are among those empowered to issue extraordinary writs under the Act, see *Noyd* v. *Bond,* 395 U.S. 683, 695, n. 7, 23 L. Ed. 2d 631, 89 S. Ct. 1876 (1969), the express terms of the Act confine the power of the [Court of Appeals for the Armed Forces (CAAF)] to issuing process "in aid of" its existing statutory jurisdiction; the Act does not enlarge that jurisdiction, see, *e.g.*, *Pennsylvania Bureau of Correction* v. *United States Marshals Service,* 474 U.S. 34, 41, 88 L. Ed. 2d 189, 106 S. Ct. 355 (1985).

526 U.S. 529, 534-35, (1999).

"Federal courts, including courts in the military justice system established under Article I of the Constitution, are courts of limited jurisdiction." *United States*

*v. Wuterich*, 67 M.J. 63, 70 (C.A.A.F. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)).

Petitioner asks that we issue a writ of habeas corpus, corum nobis, corum vobis, or mandamus. The thrust of peitioner's claim is he is entitled to relief based on new evidence (his conditions) he only became aware of well after trial.

Article 73, UCMJ, provides the statutory authority for this Article I court to provide relief based on evidence discovered after trial. However, Article 73, UCMJ, establishes a fixed two-year period to file petitions for a new trial.[2] We have found no authority for this Article I court to allow for equitable tolling of the two-year limitation. Additionally, as the All Writs Act does not expand our jurisdiction, we cannot apply the All Writs Act in a manner that avoids the statutory limitation set out by Congress. *See, e.g.*, *United States v. LaBella*, 75 M.J. 52, 54-55 (C.A.A.F. 2015) (holding the Court of Criminal Appeals erred in allowing for equitable tolling of jurisdictional filing deadline).

Our superior court has, on at least one occasion, considered an application for relief based on new evidence that was not filed within the two-year limit set out by Article 73. *See United States v. Luke*, (*Luke I*), 63 M.J. 60, 63 (C.A.A.F. 2006); *United States v. Luke*, (*Luke II*), 69 M.J. 309 (C.A.A.F. 2011). However, this case is distinguishable for at least two reasons. First, *Luke I* and *Luke II* were appeals in which new evidence was considered while the case remained on direct appeal. Second, three judges concluded (though never as a majority in one opinion) the court was prohibited from considering petitioner's claim because it was either time barred or was without jurisdiction.[3]

---

[2] In the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5336, 130 Stat. 2000, 2937 (2016), Congress amended the time period to three years so as to align military with federal civilian practice. *Compare* Article 73, UCMJ, *with* Fed. R. Crim. Proc. 33(b).

[3] In *Luke I*, Judge Erdman dissented from the CAAF's decision because he found appellant's supplemental assignment of error was time-barred by Article 73, UCMJ. 63 M.J. at 63-64. By the time the case returned to the CAAF five years later, Judge Ryan and Judge Stucky had joined the court. Both agreed the CAAF in *Luke I* should not have ordered the fact-finding hearing because either the new issue was time-barred (J. Ryan) or the court lacked jurisdiction (J. Stucky). 69 M.J. at 321-22. However, in *Luke II* both Judge Ryan (explicitly in *Luke II*) and Judge Erdman

(continued . . .)

If this court cannot hear a claim on direct appeal (either because it is time barred or the court lacks jurisdiction), consideration of the same claim framed as a writ petition would not be in furtherance of our jurisdiction under Article 73, UCMJ.

Accordingly, we hold we do not have jurisdiction under the All Writs Act to consider petitioner's claims.

## CONCLUSION

The petition for extraordinary relief is DISMISSED.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

---

(. . . continued)
(implicitly by his dissent in *Luke I*) found themselves bound by the law of the case established in *Luke I*. 69 M.J. at 322. Thus, while three judges of the CAAF in *Luke II* would have seen the *Luke* appellant's claim for relief based on new evidence as prohibited, no majority of the court ever said so; indeed the majority opinions in *Luke I* and *Luke II* did not address the matter.