# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2024-09**

————————————

**In re First Lieutenant Adam M. VARGAS**
*Petitioner*

————————————

Petition for Extraordinary Relief in the Nature of
a Writ of Mandamus

Decided 15 August 2024

————————————

*Military Judge*: Thomas A. Smith.

*GCM Convened at*: Grand Forks Air Force Base, North Dakota.

*For Petitioner*: Major Joshua A. Tolin, USAF.

*For Respondent*: Colonel Matthew D. Talcott, USAF; Captain Kate E. Lee, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

Judge WARREN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

————————————

**PUBLISHED OPINION OF THE COURT**

————————————

WARREN, Judge:

On 21 June 2024, pursuant to the All Writs Act[1] and Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, JT. CT. CRIM. APP. R. 19, Petitioner filed with this court a "Petition for Writ of Mandamus and Motion to Stay Proceedings" requesting this court issue a stay of proceedings and order certain charges and specifications dismissed with regard to his ongoing general court-martial where he is facing three charges with one specification each, to wit: one charge and specification alleging wrongful use of

---

[1] The All Writs Act, 28 U.S.C. § 1651(a).

marijuana; one charge and specification alleging violation of a lawful general regulation by wrongfully using synthetic cannabis; and one charge and specification alleging Petitioner robbed his erstwhile paramour of her mobile phone, in violation of Articles 112a, 92, and 122, UCMJ, 10 U.S.C. §§ 912a, 892, 922, respectively. The charges were referred to a general court-martial on 23 April 2023.[2] Petitioner requests that this court issue a writ of mandamus to: (1) vacate and reverse that portion of the trial military judge's ruling denying Petitioner's motion to dismiss based on alleged "apparent" unlawful command influence (UCI)[3] in the preferral of the current charges and specifications; and (2) order the court-martial to "dismiss all the pending charges and their specifications for apparent unlawful command influence." In the same petition, he also requested this court issue a stay of proceedings for his ongoing court-martial, which the Government (Respondent) opposed.

On 27 June 2024, this court denied Petitioner's request for the stay of proceedings and granted the Respondent leave to file a responsive brief as to the substance of the petition. The Respondent timely filed a responsive brief on 16 July 2024 arguing that Petitioner failed to satisfy the requirements for the drastic remedy of a writ of mandamus, principally arguing that: (1) Petitioner has not demonstrated that he had a "clear and indisputable right" to relief from the military judge at trial, and (2) that the military judge's ruling to deny the motion to dismiss (which applied the then-existing "apparent UCI caselaw") was not a "judicial usurpation of power."

For the reasons set forth below, we deny the petition because it is not in aid of our existing jurisdiction. We hold that Article 37(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 837(c), abrogated this court's authority to grant relief premised upon apparent UCI.[4] Hence, Petitioner's interlocutory

---

[2] On 3 June 2024, the general court-martial convening authority withdrew and dismissed an additional charge and specification alleging violation of Article 109, UCMJ, 10 U.S.C. § 909, for Petitioner's alleged destruction of a prior romantic partner's cell phone. The convening authority did so *not* in response to the apparent UCI litigation which Petitioner challenges here, but rather in response to a separate ruling by the military judge which temporarily abated the proceedings as a Rule for Courts-Martial (R.C.M.) 703(e) remedy after the Government lost the cell phone in question prior to trial.

[3] We use that term as it is the one utilized by the parties below. However, we note that the 2019 statutory amendments to Article 37, UCMJ, cited in n.4 *infra*, restyled that section as "Command influence."

[4] Our references in this opinion to Article 37, UCMJ, are from the National Defense Authorization Act for Fiscal Year 2020 (FY20 NDAA), Pub. L. No. 116-92, § 532, 133 Stat. 1198, 1359–61 (20 Dec. 2019). All other references to the UCMJ and R.C.M. are to the *Manual for Courts-Martial, United States* (2019 ed.).

request for an extraordinary writ to issue relief which we would be precluded from granting in the course of our normal Article 66(d), UCMJ, 10 U.S.C. § 866(d), review is not "in aid of our jurisdiction," and thus not the proper province of an extraordinary writ. *See Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citations omitted).

## I. BACKGROUND

As the threshold issue here is one of law, *i.e.*, whether this court has jurisdiction to consider the substance of Petitioner's extraordinary writ petition, the only relevant background is the procedural background and the precise issue presented by Petitioner in his petition. The petition and Respondent's brief, with their several attachments, establish the following sequence of events.

On 3 March 2023, Petitioner's squadron commander, Lieutenant Colonel SK, preferred additional charges and specifications[5] for violations of Articles 109 and 122, UCMJ, 10 U.S.C. §§ 909, 922. Petitioner alleges that his squadron commander was subject to apparent UCI in the form of alleged "pressure" exerted by the wing staff judge advocate who urged Petitioner's commander to prefer these charges "while at the same time withholding relevant information."

On 15 October 2023, Petitioner filed a "Defense Motion for Appropriate Relief: Unlawful Influence in Preferral of Charges" requesting that those charges be dismissed with prejudice. The motion remained pending until 3 June 2024, during which time the military judge held two Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions to receive evidence and argument on the issue. On 3 June 2024, the military judge denied the motion in a 12-page written ruling. The Defense made an oral motion for reconsideration on 4 June 2024. The military judge agreed to reconsider his ruling, and permitted presentation of additional witness testimony, evidence, and argument. The military judge then re-affirmed his prior written ruling from the bench on 4 June 2024, orally ruling Petitioner suffered neither actual nor apparent UCI in the preferral of the charges concerned.

---

[5] These were "additional charges" because previously on 12 December 2022, Petitioner's group commander, Colonel DC, preferred Charge I and Charge II (with one specification each) alleging violations of Articles 112a and 92, UCMJ, as summarized *supra*. While Petitioner requests dismissal with prejudice of Charges I and II as part of his petition, he does not assert that unlawful influence, actual or apparent, was involved in their preferral or referral.

Petitioner now requests this court issue a writ of mandamus solely pertaining to the apparent UCI portion of the military judge's ruling.[6]

## II. DISCUSSION

### A. Law

Determining our jurisdiction begins with an acknowledgment that military appellate courts are "courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citing *United States v. Politte*, 63 M.J. 24, 25 (C.A.A.F. 2006)); *see also Clinton v. Goldsmith*, 526 U.S. 529, 540 (1999) (holding the United States Court of Appeals for the Armed Forces (CAAF) exceeded its statutory jurisdiction and the All Writs Act did not authorize the CAAF to grant the appellant an injunction against a pending action by the Secretary of the Air Force to drop him from the rolls of the Air Force).

As an "Article I" court created by Congress, Congress is authorized to expand or retract our jurisdiction as it deems fit—subject only to constitutional constraints. *See Chappell v. Wallace*, 462 U.S. 296, 301 (1983) ("It is clear that the Constitution contemplated that the Legislative Branch have plenary control over rights, duties, and responsibilities in the framework of the Military Establishment, including regulations, procedures, and remedies related to military discipline . . . ."); *see also United States v. Anderson*, 83 M.J. 291, 298 (C.A.A.F. 2023) ("When Congress acts pursuant to its power 'to make Rules for the Government and Regulation of the land and naval Forces,' U.S. CONST. art. I, § 8, cl. 14, 'judicial deference . . . is at its apogee.'" (omission in original) (quoting *Rostker v. Goldberg*, 453 U.S. 57, 70 (1981))), *cert. denied*, 114 S. Ct. 1003 (2024).

"The burden to establish jurisdiction rests with the party invoking the court's jurisdiction." *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In making this jurisdictional determination, our superior court, the CAAF, "read[s] the statutes governing our jurisdiction as an integrated whole, with

---

[6] As Petitioner delineated in a footnote to his brief before this court:

> The Defense maintains [Petitioner] is also entitled to relief for actual unlawful influence, *but this petition is based only on apparent unlawful influence*, since actual unlawful influence—with material prejudice to substantial rights of the [P]etitioner—could be handled in the ordinary course of appellate process, if a conviction ultimately occurs. . . .

(Emphasis added).

the purpose of carrying out the intent of Congress in enacting them." *United States v. Lopez de Victoria*, 66 M.J. 67, 69 (C.A.A.F. 2008) (footnote and citations omitted). Military appellate courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *M.W. v. United States*, 83 M.J. 361, 363 (C.A.A.F. 2023) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)), *recon. denied*, 83 M.J. 461 (C.A.A.F. 2023).

The primary statutes governing this court's subject matter jurisdiction in the case at issue are Articles 62 and 66, UCMJ, respectively. These provisions delineate the scope of Government interlocutory appeals and this court's appellate jurisdiction, generally. 10 U.S.C. §§ 862, 866.

While defense interlocutory petitions such as the case at bar are not specifically provided for under either of those statutes, they are still cognizable under the All Writs Act. *See, e.g.*, *United States v. Wilson*, Misc. Dkt. No. 2015-02, 2015 CCA LEXIS 201, at *2–5 (A.F. Ct. Crim. App. 7 May 2015) (finding jurisdiction to decide a request for writ of prohibition when petitioner sought to challenge the trial military judge's ruling on a motion to dismiss a felony murder charge); *Webb v. United States,* 67 M.J. 765, 767 (A.F. Ct. Crim. App. 2009) (considering an extraordinary writ petition challenging personal jurisdiction over an Airman beyond his expiration of term of service). However, strictly speaking, the All Writs Act is *not* a separate grant of statutory authority; instead, it is merely a conduit which grants a Court of Criminal Appeals "authority to issue extraordinary writs necessary or appropriate in aid of [our] jurisdiction." *Chapman*, 75 M.J. at 600 (citations omitted). To be clear, that Act "does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citation omitted); *see also In re Brown*, Misc. Dkt. No. 2023-07, 2024 CCA LEXIS 91, at *16–17 (A.F. Ct. Crim. App. 29 Feb. 2024) (holding that petitioner's request for a sentence reduction via 18 U.S.C. § 3582 was not in aid of our Article 66(d), UCMJ, jurisdiction to conduct sentencing appropriateness review because it was functionally a clemency request), *pet. dismissed*, __ M.J. __, No. 24-0132, 2024 CAAF LEXIS 246 (C.A.A.F. 2 May 2024).

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (citations omitted). To prevail on a petition for a writ of mandamus, the petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *In re H.V.Z.*, __ M.J. __, No. 23-0250, 2024 CAAF LEXIS 410, at *8–9 (C.A.A.F. 18 Jul. 2024) (quoting *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012)) (endorsing this

traditional standard to determine mandamus relief for extraordinary writ petitions). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983)).

The scope of our "prescribed jurisdiction" for Petitioner's requested writ is necessarily dependent upon our prescribed jurisdiction for granting remedial relief for instances of alleged unlawful command influence. Interpreting the prior version of Article 37, UCMJ, the CAAF identified two categories of unlawful command influence: actual and apparent. "Two types of unlawful command influence can arise in the military justice system: *actual* unlawful command influence and *the appearance of* unlawful command influence." *United States v. Boyce*, 76 M.J. 242, 247 (C.A.A.F. 2017). Actual UCI "is an improper manipulation of the criminal justice process which negatively affects the fair handling and/or disposition of a case." *Id.* (citations omitted). Unlike actual UCI, a meritorious claim of an appearance of UCI does not require prejudice to an accused. *Id.* at 248. Rather, the triggering event for relief is a judicial determination that the action concerned "placed an 'intolerable strain on the public's perception of the military justice system.'" *Id.* (citations omitted). As is evident from the CAAF's description of the two species of unlawful command influence, only actual unlawful command influence requires a showing of material prejudice.

However, our prescribed jurisdiction for those matters has since changed. Currently, our prescribed jurisdiction pertinent to providing appellate remedies for "unlawful command influence" is defined by the 2019 congressional amendments resulting in the new Article 37(c), UCMJ. Congress enacted significant amendments to Article 37, UCMJ, in the National Defense Authorization Act for Fiscal Year 2020 (FY20 NDAA) which for the first time established, *inter alia*, a material prejudice standard for granting relief for instances of unlawful "command influence" delineated in the statute. Pub. L. No. 116-92, § 532, 133 Stat. 1198, 1359–61 (20 Dec. 2019). Article 37(c), UCMJ, now provides as follows: "No finding or sentence of a court-martial may be held incorrect on the ground of a violation of this section unless the violation *materially prejudices the substantial rights of the accused.*" 10 U.S.C. § 837(c) (emphasis added). The effective date of the statute was 20 December 2019, applying prospectively to all actions and cases occurring on or after that date. FY20 NDAA, Pub. L. No. 116-92, § 532(c), 133 Stat. at 1361.

Neither this court nor the CAAF have yet squarely ruled upon the impact of Article 37(c), UCMJ, on the existing apparent UCI jurisprudence. *See, e.g.*, *United States v. Gilmet*, 83 M.J. 398, 401 n.2 (C.A.A.F. 2023) ("Because we afford [the a]ppellant relief based on actual UCI, we need not determine . . .

how recent amendments to Article 37, UCMJ, affect this Court's apparent UCI jurisprudence." (citation omitted)); *United States v. Horne*, 82 M.J. 283, 284 n.1 (C.A.A.F. 2022) ("Congress amended Article 37, UCMJ, in 2019, after the events at issue in this case occurred. We do not address the amended version of the article in this case." (citation omitted)); *United States v. Proctor*, 81 M.J. 250, 255 n.3 (C.A.A.F. 2021) ("This opinion takes no stance as to what changes, if any, the 2019 amendment to Article 37, UCMJ, require with respect to our appearance of unlawful command influence jurisprudence."); *In re MW*, Misc. Dkt. Nos. 2022-09, 2022-10, 2022-15, 2023 CCA LEXIS 57, at *21–22 (A.F. Ct. Crim. App. 3 Feb. 2023) (unpub. op.) ("This court has yet to address how the amended Article 37, UCMJ, may change the standard for determining whether apparent unlawful influence occurred and if relief is warranted on that basis.").

Nonetheless, other Courts of Criminal Appeals have not been silent on this issue. The United States Navy-Marine Corps Court of Criminal Appeals issued a published opinion affirmatively holding that where "there has been no showing of material prejudice to the substantial rights of [an a]ppellant, we are statutorily barred from holding the findings or sentence . . . to be incorrect on the grounds of apparent UCI." *United States v. Gattis*, 81 M.J. 748, 757 (N.M. Ct. Crim. App. 2021) (footnote omitted). The United States Army Court of Criminal Appeals agrees. *See, e.g.*, *United States v. Davis*, No. ARMY 20240078, 2024 CCA LEXIS 259, at *25–26 (A. Ct. Crim. App. 24 Jun. 2024) (unpub. op.) (declining to consider apparent UCI claim on appeal even when raised at trial, reasoning that Article 37(c), UCMJ, precludes relief in the absence of prejudice); *United States v. Alton*, No. ARMY, 20190199, 2021 CCA LEXIS 269, at *13 n.5 (A. Ct. Crim. App. 2 Jun. 2021) (unpub. op.) (reciting in dicta that "[t]he change would seem to vitiate the current apparent UCI 'intolerable strain/ disinterested observer' jurisprudence in favor of Judge Ryan's approach in her dissent in *Boyce* . . . ." (citation omitted)).[7]

## B. Analysis

The foundational issue in this case is subject-matter jurisdiction, specifically, whether this court maintains statutory authority to grant relief for alleged apparent unlawful command influence claims arising from actions occurring on or after 20 December 2019.

---

[7] Only the United States Coast Guard Court of Criminal Appeals continues to reserve judgment. *See United States v. Lopez*, No. 1487, 2024 CCA LEXIS 278, at *11 (C.G. Ct. Crim. App. 11 Jul. 2024) (unpub. op.) ("It remains an open question whether recent amendments to Article 37, UCMJ, supersede prior jurisprudence on apparent unlawful influence." (First citing 10 U.S.C. § 837(c) (2019); then citing *United States v. Gilmet*, 83 M.J. 398, 401 n.2 (C.A.A.F. 2023); and then citing *United States v. Gattis*, 81 M.J. 748, 754 (N.M. Ct. Crim. App. 2021))).

Our analysis here is straightforward. First, the "new" Article 37(c), UCMJ, applies to this case as all the alleged apparent UCI activity occurred after 20 December 2019. FY20 NDAA, Pub. L. No. 116-92, § 532(c), 133 Stat. at 1361. Second, by its plain terms, Article 37(c), UCMJ, now limits our authority to grant relief for alleged Article 37, UCMJ, violations to situations where those violations result in "material[ ] prejudice[ to] the substantial rights of the accused." Accordingly, we hold that, by definition, Article 37(c)'s "material[ ] prejudice[ ]" standard excludes "apparent UCI" claims which do not involve material prejudice to an accused. *See Boyce*, 76 M.J. at 248 (reasoning that "unlike actual unlawful command influence where prejudice to the accused is required, no such showing is required for a meritorious claim of an appearance of unlawful command influence" (footnote omitted)).

We agree with our sister court in *Gattis* that Congress spoke clearly in amending Article 37(c), UCMJ, to limit case-dispositive relief to those instances where an Article 37, UCMJ, violation results in material prejudice to an accused. *See* 81 M.J. at 754. While this circumscribes the scope of our appellate review on these types of claims, there is nothing inherently unlawful about that because "Congress has primary responsibility for the delicate task of balancing the rights of serviceme[mbers] against the needs of the military." *Anderson*, 83 M.J. at 298 (quoting *Solorio v. United States*, 483 U.S. 435, 447 (1987)).[8]

In light of the statutory constraints imposed by Article 37(c), UCMJ, to our authority to provide case dispositive relief for "command influence" claims, Petitioner fails to demonstrate that his writ of mandamus petition is in aid of our existing jurisdiction. As Petitioner acknowledges, the All Writs Act only permits us to issue writs in aid of our *existing jurisdiction*—it does not and *cannot* expand it. As the CAAF has repeatedly held, Courts of Criminal Appeals are creatures of statute with jurisdiction emanating entirely from statute. Article 37(c), UCMJ, now limits our appellate remedies over "apparent UCI" claims, which would inherently involve disturbing the findings and/or sentencing of a court-martial. Thus, even while here Petitioner technically requests relief left unmentioned in Article 37(c)'s prohibition against disapproving a "finding or sentence," the impact Petitioner requests is the same. To be clear, Petitioner

---

[8] We note also that Petitioner raises no constitutional challenge to Article 37(c), UCMJ, in this case. Moreover, even if he had, we would start from the proposition that Article 37(c), UCMJ, is constitutional, as the burden lies upon an appellant challenging a statutory rule of court-martial procedure to demonstrate that "the factors militating in favor of [a different procedure] are so extraordinarily weighty as to overcome the balance struck by Congress." *United States v. Anderson*, 83 M.J. 291, 298 (C.A.A.F. 2023) (alteration in original) (quoting *Weiss v. United States*, 510 U.S. 163, 177–78, 181 (1994)), *cert. denied*, 144 S. Ct. 1003 (2024).

is requesting a case-dispositive remedy that functionally would expand our jurisdiction to grant relief for "apparent UCI" claims where Congress now forbids such relief from this court in the absence of material prejudice—this we will not do.

To his credit, Petitioner candidly admits this, conceding that he is seeking this interlocutory extraordinary writ of mandamus precisely because he anticipates Article 37(c), UCMJ, will likely foreclose relief for "apparent UCI" during any forthcoming post-conviction Article 66, UCMJ, appeal.[9] While he argues that our inability to grant him relief later is a reason for us to grant him extraordinary relief now, the law of extraordinary writs stands for the opposite proposition. We are not entitled to grant him relief now on a basis for which we would be barred by statute from granting it to him later. To grant Petitioner's requested relief now would be to exceed our existing jurisdiction under Articles 37 and 66, UCMJ, not be in aid of it.

Finally, our ruling does not itself "overrule" our superior court's prior apparent UCI jurisprudence, rather it merely recognizes an intervening reality—that Congress circumscribed our subject-matter jurisdiction as to remedies over those claims. We are of course cognizant of the doctrine of stare decisis. *See United States v. Allberry*, 44 M.J. 226, 227 (C.A.A.F. 1996) ("It is trite to say that [a Court of Criminal Appeals] is not generally free to ignore our precedent." (citations omitted)). Our ruling does no more than recognize that the CAAF's prior caselaw interpretation of Article 37, UCMJ, has simply been overruled by statute in terms of the newly codified Article 37(c), UCMJ, which now places statutory limits upon this court prohibiting case dispositive relief absent material prejudice. *See United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011) (explaining stare decisis "does not apply when a statute, executive order, or other basis for a decision changes" (citations omitted)).[10]

---

[9] Petitioner concedes in his brief before this court:

> [A]ssuming *arguendo* that the new provision guts apparent unlawful influence at the appellate level following a conviction, [Petitioner] cannot obtain relief on apparent unlawful influence (an avenue of relief without having to prove prejudice) following a trial on the merits and conviction. Should that be the case, [Petitioner] will be without recourse to challenge his conviction for apparent unlawful influence in the ordinary course of appellate practice.

(Footnote omitted).

[10] Furthermore, we offer no opinion as to the potential continuing viability of the CAAF's apparent UCI caselaw in *other contexts*, and explicitly leave for another day

### III. CONCLUSION

Petitioner has not demonstrated that this court has jurisdiction to grant him the relief he seeks. Accordingly, Petitioner's Petition for Writ of Mandamus, dated 21 June 2024, is **DENIED** because it is not in aid of our existing jurisdiction.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

the issue of what authority, if any, *trial judges* have to grant relief for "apparent" UCI in the face of Article 37(c), UCMJ. *Cf. United States v. Boyce*, 76 M.J. 242, 249 n.8 (C.A.A.F. 2017) ("[I]n the military justice system, both the right to a trial that is fair, and the right to a trial that is objectively seen to be fair, have constitutional dimensions sounding in due process." (citations omitted)); *id.* at 252 ("This Court unequivocally endorses the [United States] Supreme Court's observation that '[f]ederal courts have an independent interest in ensuring that . . . legal proceedings appear fair to all who observe them.'" (alteration and omission in original) (quoting *Wheat v. United States*, 486 U.S. 153, 160 (1988))).