*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————————

## UNITED STATES
Appellee

**v.**

## Douglas M. FOLTS, Technical Sergeant
United States Air Force, Appellant

### No. 25-0043
Crim. App. No. 40322

Argued May 20, 2025—Decided August 18, 2025

Military Judge: Brian C. Mason

For Appellant: *Terri R. Zimmermann*, Esq. (argued); *Captain Samantha M. Castanien* and *Jack B. Zimmermann*, Esq. (on brief).

For Appellee: *Mary Ellen Payne*, Esq. (argued); *Colonel Matthew D. Talcott* and *Lieutenant Colonel Jenny A. Liabenow* (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined.

————————————

Judge SPARKS delivered the opinion of the Court.

Contrary to his pleas, a general court-martial with officer and enlisted members found Appellant guilty of one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2018).[1] The military judge sentenced Appellant to forfeit $3,000.00 pay per month for six months along with confinement for sixteen days. When Appellant's court-martial adjourned on February 27, 2022, the sub-jurisdictional sentence imposed meant that, under the version of Article 66, UCMJ, 10 U.S.C. §866(b)(1) (2018), in effect at the time of his trial, his case was ineligible for direct appeal to the United States Air Force Court of Criminal Appeals. However, on December 23, 2022, Congress amended Article 66, UCMJ, pursuant to the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, Pub. L. No. 117-263, § 544, 136 Stat. 2395, 2582 (2022) [hereinafter FY23 NDAA], to afford Courts of Criminal Appeals jurisdiction over all general and special courts-martial resulting in a conviction, regardless of sentence. The granted issue requires us to decide which statute to apply, and, therefore, "whether the Air Force Court of Criminal Appeals lacked jurisdiction to review Appellant's case."[2] For the reasons discussed below,

---

[1] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The following additional issue was granted by this Court:

> As applied to Appellant, whether 18 U.S.C. § 922 is unconstitutional because the Government cannot demonstrate that a permanent bar on his possession of firearms is consistent with the Second Amendment.

*United States v. Folts*, 85 M.J. 391 (C.A.A.F. 2025) (order granting review). In accordance with this Court's decision in *United States v. Johnson*, __ M.J. __ (C.A.A.F. 2025), we conclude that because this Court lacks the authority to act on the § 922 indication in the entry of judgment, Appellant's constitutional challenge to 18 U.S.C. § 922 is moot.

we hold that the lower court had jurisdiction over Appellant's appeal pursuant to the FY23 NDAA.

## I. Background

The military judge signed the entry of judgment on March 9, 2022. The convening authority took no action on the findings and approved the sentence as adjudged. On July 6, 2022, a designated judge advocate completed a review of the record of trial pursuant to Article 65(d), UCMJ, 10 U.S.C. § 865(d) (2018). On February 22, 2023, Appellant filed a notice of direct appeal under Article 66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A) (Supp. IV 2019-2023), pursuant to the FY23 NDAA, which the lower court docketed two days later. The lower court ultimately affirmed the findings and sentence. *United States v. Folts*, No. ACM 40322, 2024 CCA LEXIS 353, at *28, 2024 WL 3936827, at *10 (A.F. Ct. Crim. App. Aug. 26, 2024) (unpublished).

## II. Law

"The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citation omitted). The scope of an appellate court's authority, like other questions of jurisdiction, is a legal question we review de novo. *United States v. English*, 79 M.J. 116, 121 (C.A.A.F. 2019). "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction." *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015) (citation omitted).

Article 66(b)(3), UCMJ, 10 U.S.C. § 866(b)(3) (2018), provides that a lower court shall have jurisdiction over a court-martial in which the judgment entered includes death, a punitive discharge, or confinement for two years or more—a provision known as "automatic review" by the lower court. Prior to December 23, 2022, a servicemember convicted by a court-martial whose sentence included confinement for more than six months and less than two years, with no punitive discharge, had the right to apply for review by the lower court within a certain period of time—a provision known as a "direct appeal." Article

66(b)(1)(A), UCMJ, 10 U.S.C. § 866(b)(1)(A) (2018). Cases in which the sentence did not qualify for either automatic review or a direct appeal, or in which a convicted servicemember elected not to exercise the right to a direct appeal or withdrew from appellate review, were reviewed by a designated attorney pursuant to Article 65(d)(2), UCMJ, 10 U.S.C. § 865(d)(2) (2018).

A servicemember whose case was reviewed by an attorney pursuant to Article 65(d)(2), UCMJ, had a potential route for review by the lower court, as Article 69, UCMJ, 10 U.S.C. § 869 (2018), provided that such a servicemember could apply for review by the Judge Advocate General (TJAG). Such an application would be timely if submitted within one year after completion of Article 65(d)(2), UCMJ, review. Article 69(b), UCMJ. After TJAG completed the Article 69(c), UCMJ, review, the servicemember could then apply to the Court of Criminal Appeals for review, and the lower court had the discretion to grant such review only if (1) "the application demonstrate[d] a substantial basis for concluding that the action on review under [Article 69(c), UCMJ,] constituted prejudicial error," and (2) the servicemember filed the application within sixty days of notification of TJAG's decision or sixty days after notification was deposited in the United States mail, whichever was earlier. Article 69(d)(2)(A)-(B); *see also* Article 66(b)(1)(D), UCMJ (granting the lower court jurisdiction to review such cases).

On December 23, 2022, Congress passed the FY23 NDAA. The FY23 NDAA, while retaining the same criteria for automatic lower court review, significantly expanded eligibility for direct appeals of general and special court-martial convictions under Article 66, UCMJ. In its new form, Article 66(b)(1)(A), UCMJ (Supp. IV 2019-2023), provides that a lower court has jurisdiction over "a timely appeal from the judgment of a court-martial, entered into the record under [Article 60c(a), UCMJ, 10 U.S.C. § 860c(a) (2018)], that includes a finding of guilty." In effect, the FY23 NDAA made every general or special court-martial

conviction reviewable by the lower court, regardless of sentence.

## III. Discussion

At the time of Appellant's conviction, his case was ineligible for direct appeal under the applicable version of Article 66(b)(1), UCMJ, because he had not received a sentence of confinement exceeding six months and he was not entitled to an automatic review under the applicable version of Article 66(b)(3), UCMJ, because his sentence did not include a punitive discharge.[3] Five months after Appellant's conviction, in FY23 NDAA, Congress amended Article 66, UCMJ, to afford direct appellate review by a lower court to all servicemembers who were convicted at a general or special court-martial, regardless of the sentence received. The question we must answer is whether this change applies to Appellant.

When a statute has no specified effective date, absent clear direction by Congress to the contrary, it takes effect on the date of its enactment. *Johnson v. United States*, 529 U.S. 694, 702 (2000) (citation omitted). Accordingly, Congress could have chosen to remain silent on the effective date which would have meant that it took effect on the date of enactment. Instead, Congress gave clear direction to what cases could not take advantage of the FY23 NDAA by providing that the changes to Articles 66 and 69, UCMJ, "shall not apply to—(1) any matter that was submitted before the date of enactment of this Act to a Court of Criminal Appeals . . . ; or (2) any matter that was submitted before the date of the enactment of this Act to a Judge Advocate General under [Article 69, UCMJ]." § 544(d), 136 Stat. 2583-84. An appellant can only submit matters to the lower court or TJAG in a case where a court-martial judgment has already occurred, so this provision gives clear direction by Congress that it foresaw

---

[3] As will be discussed below, Appellant still had a potential pathway to an Article 66, UCMJ, review before the lower court pursuant to Article 69, UCMJ.

applicability over judgments that occurred prior to its enactment.

In the instant case, Appellant's judgment did not fall into either category that Congress excepted from the application of the expanded direct appeal rights under Article 66, UCMJ. As of December 23, 2022, Appellant had not submitted an Article 66, UCMJ, appeal to the lower court nor had he submitted his case for review by TJAG pursuant to Article 69, UCMJ. However, Appellant was still within the one-year period following completion of his Article 65, UCMJ, review in which to apply for review under Article 69, UCMJ. *See* § 544(d), 136 Stat. 2583-84; Article 69(b), UCMJ.

The Government contends that just because Congress denoted two circumstances where the FY23 NDAA amendments did not apply to a pending case does not support the negative inference that Congress therefore intended the amendments to apply to all other circumstances not specified. We disagree. The FY23 NDAA is clear and unambiguous in its application. To qualify for review under the new Article 66, UCMJ, there must be a court-martial conviction that has not already been appealed through Article 66 or 69, UCMJ, as of the effective date of the amendment. Appellant's case did not meet the disqualifying criteria. Accordingly, the lower court had jurisdiction over Appellant's Article 66(b)(1)(A), UCMJ (Supp. IV 2019-2023), appeal.

However, we must pause to consider the Government's argument that Appellant's direct appellate appeal process was final when Congress passed the FY23 NDAA. The Government asserts that the Courts of Criminal Appeals would not have jurisdiction over the changes made in the FY23 NDAA if direct appeal was complete and the case was final under Article 76, UCMJ, 10 U.S.C. § 876 (2018).[4] We

---

[4] The Government bases its argument primarily on the Supreme Court's decision in *Plaut v. Spendthrift Farm*, 514 U.S. 211, 218-19 (1995) (holding that Congress cannot enact

will assume, without deciding, that the Government is correct in making this argument and proceed to consider whether Appellant's appeal was complete and his case was final.

Here, the Government contends Appellant's conviction and sentence became final for purposes of direct appellate review when the Article 65, UCMJ, review was completed on July 6, 2022. The Government points to Article 57, UCMJ, 10 U.S.C. § 857 (2018), entitled "Effective date of sentences," which was unchanged by the FY23 NDAA and addresses when the various forms of punishment adjudged by a court-martial shall take effect. Article 57(c)(1)(A), UCMJ, provides that in those cases that are reviewed by a designated attorney pursuant to Article 65, UCMJ, "[a]ppellate review is complete under this section when" the Article 65, UCMJ, review is complete. Therefore, the Government reasons, Appellant's conviction was final for purposes of appellate review on July 6, 2022, and not subject to further appeal based on the subsequent expansion of direct appeal rights and jurisdiction in the FY23 NDAA.

We disagree. Context is important. Here, the purpose of Article 57(c)(1)(A), UCMJ, is to define the term "complet[ion of appellate review] under this section." That is, the definition specifically applies to how that term is used in Article 57(a)(5), UCMJ, to explain when the government may proceed with executing a punitive discharge or sentence of death. Taken together, Article 57(a)(5) and (c)(1)(A), UCMJ, explain that the government may proceed with executing, for example, a bad-conduct or dishonorable discharge once Article 65, UCMJ, review is complete, when such review is necessitated after an appellant withdraws from automatic review by a Court of Criminal Appeals under Article 66, UCMJ. While the completion of Article 65(d), UCMJ, judge advocate review carries significance in some cases for implementing the

legislation reopening the final judgment of an Article III court in a civil case).

sentence of a court-martial, the completion of such review does not make appellate review final.

The Government additionally asserts that "final judgment as to the legality of the proceedings" for the purposes of Article 76, UCMJ, occurs after the Article 65(d), UCMJ, review is completed. (Citation and internal quotation marks omitted.) The Government supports its argument by noting that after Article 65(d), UCMJ, review, further review by the TJAG under Article 69, UCMJ, was optional and the Court of Criminal Appeals had only potential *discretionary* review over certain aspects of Appellant's case under Article 69, UCMJ. Nevertheless, this pathway for Appellant to obtain additional review of his court-martial was expressly provided to him by Congress, and it had not expired at the time the FY23 NDAA went into effect. Accordingly, the Court of Criminal Appeals still had potential jurisdiction over the case. *See United States v. Brown*, 81 M.J. 1, 4-5 (C.A.A.F. 2021) (holding that the lower court had statutory jurisdiction to entertain a writ petition where although appellee's sentence was not reviewable under Article 66, UCMJ, the TJAG could potentially refer the case for review pursuant to Article 69(d), UCMJ); *cf. Plaut*, 514 U.S. at 227 (explaining that an Article III court's judgments are not final until "all appeals have been forgone or completed"). For this reason, Appellant's case was not final under Article 76, UCMJ.

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.